322 P.2d 337

**STATE of New Mexico, Plaintiff-Appellee,**

**v.**

**G. S. BARBOA and Pedro S. Chavez, Defendants-Appellants.**

No. 6303.

Supreme Court of New Mexico.

Feb. 27, 1958.

John N. Brunacini, Lewis R. Sutin, Albuquerque, for appellants.

Fred M. Standley, Atty. Gen., Hilton A. Dickson, Jr., Asst. Atty. Gen., Fred M. Calkins, Jr., Asst. Atty. Gen., for appellee.

McGHEE, Justice.

The appellants seek the reversal of a judgment against them on account of the forfeiture of an appeal bond they had signed for Allen White following his second conviction for murder. The condition of the bond was, in substance, that in the event of an affirmance he would surrender to the Sheriff of Bernalillo county within a reasonable time.

The conviction was affirmed and a commitment issued out of this court directing the Sheriff of Bernalillo to deliver White to the penitentiary, and requiring his confinement there under the sentence which had been imposed. Thereafter on May 14, 1956, an open court order of forfeiture was entered in the District Court Records by Judge McManus in response to an application of an Assistant District Attorney, and is as follows:

"Now comes the State of New Mexico by its Assistant District Attorney, C. W. Chavez, and moves the Court to forfeit the Appeal Bond filed herein, and states to the court that on April 24, 1956, a Commitment was issued by the Supreme Court to the Sheriff of Bernalillo County directing said Sheriff to take Allen White into custody to be taken to the New Mexico State Penitentiary at Santa Fe, New Mexico, to serve the sentence imposed in the above entitled and numbered cause, and that the Sheriff of Bernalillo County has been unable to locate said defendant and defendant's bondsmen have been unable to produce the body of said defendant, and the Court being advised in the premises,

"Now orders that the appeal bond filed herein in the amount of $10,000.00 be, and it hereby is, forfeited, and the District Attorney is authorized and directed to proceed against the bondsmen on said bond, to-wit: Polo Arias, G. S. Barboa, Pedro S. Chavez, Armando Giannini, Blas Chavez and John L. Stockdill, for the amount of said bond.

"It is further ordered by the Court that a Bench Warrant forthwith issue for the arrest of the said defendant, Allen White."

The statute under which the forfeiture was undertaken is 41-4-21, NMSA 1953, which reads:

"If, without sufficient cause, the defendant neglects to appear for trial or judgment, or upon any other occasion when his presence in court may be lawfully required according to the condition of his recognizance, the court must direct that fact to be entered upon its minutes and the recognizance or money deposited in lieu thereof, as the case may be, is thereupon forfeited."

When suit was brought on the bond numerous defenses were interposed by the appellants, one of which was the claimed fatal defect in the order above set out in its failure to find Allen White had failed to appear.

All of the authorities read by the writer hold the case of the state on a criminal bond must stand or fall on the sufficiency of the interlocutory order of forfeiture entered of record, and we do not understand the Attorney General to question such fact. Such was the holding of this court in Brooks v. United States, 6 N. M. 72, 27 P. 311.

The order in this case was fatally defective because of the failure to include therein a finding the defendant (principal on the bond) failed to appear. As the allegation in the complaint thereafter brought on the bond could only be proved by the forfeiture as it appeared in the court records in the case of State v. White, 61 N.M. 109, 295 P.2d 1019, the judgment must be reversed.

Our decision just made on the point of the sufficiency of the forfeiture order disposes of the case, and we will not pass upon the other assignments of error.

Orders forfeiting bonds hereafter made should be signed by the Judge after they have been checked to see that they follow the statute, as we can not escape the conclusion the statute is mandatory in its terms.

The judgment is reversed and the cause remanded to the District Court of Bernalillo County.

It is so ordered.

COMPTON, J., and GALLEGOS, D. J., concur.

LUJAN, C. J., and SADLER and KIKER, JJ., not participating.