676 So.2d 838 (1996)
STATE of Louisiana
v.
Gary SAUCIER.
No. 95 CA 2267.
Court of Appeal of Louisiana, First Circuit.
June 28, 1996.
Martin J. Caillouet, Assistant District Attorney, Thibodaux, for Plaintiff-Appellee State of Louisiana.
William Noland, New Orleans, for Defendant-Appellant Bankers Insurance Company.
Before WATKINS and FOIL, JJ., and TANNER,[1] J. Pro Tem.
WATKINS, Judge.
This is a bond forfeiture case in which the only error urged by the bonding company is defective notice of judgment of bond forfeiture.
Bankers Insurance Company (Bankers) and defendant, Gary Saucier, entered into an appearance bond in the State's case against defendant for attempted second degree murder. Defendant pled guilty to a reduced charge of attempted manslaughter pursuant *839 to a negotiated plea bargain. On February 17, 1995, defendant failed to appear for his sentencing, and the court ordered a bench warrant be issued. On February 21, 1995, on motion of the State, the court ordered defendant's bond be forfeited. Pursuant to the applicable statutory law, the clerk of court sent a notice to Bankers of the rendition of the judgment of bond forfeiture. For some unknown reason, undoubtedly human error, the notice stated that the bond had been forfeited on February 17, 1995, instead of on February 21, 1995. On April 19, 1995, Bankers filed a petition for nullity of judgment. The State did not contest the timeliness of Bankers' petition either in the trial court or on appeal.
On appeal, Bankers' sole contention is that the notice it received was "defective" because of the incorrect date and, thus, the judgment of bond forfeiture is an absolute nullity. However, the State points out that Bankers has not shown that it was prejudiced by the so-called "defective" notice.
We agree with the State's position. If the clerk of court had notified the surety of a judgment purportedly rendered on a date subsequent to the actual date of rendition, the surety could have been prejudiced by having a shorter time than it was aware of in which to exercise its rights. However, having received notice of an earlier date, the surety actually had several days more time than it was aware of. The instant case is similar to Allied Fidelity Insurance Co. v. Boudreaux, 476 So.2d 469 (La.App. 1st Cir. 1985), wherein the clerk of court failed to execute an affidavit of mailing following the notice of forfeiture. This court held that the clerk's error did not affect the surety's ability to locate the defendants and cause them to be surrendered to the state. Because the surety's rights were not prejudiced, the failure to execute the affidavit did not invalidate the forfeiture.
Likewise, the clerk's failure to provide the actual date of judgment did not invalidate the forfeiture in the instant case. Appellant's argument to the contrary is without merit.
Accordingly, we affirm the judgment of the district court, and we cast appellant for all costs of this appeal.
AFFIRMED.
NOTES
[1] Judge Thomas W. Tanner, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.