937 P.2d 442

STATE of Idaho, Plaintiff–Respondent,

v.

Rodney Lee PLANT, Defendant,

and

Allied Bail Bonds, Real Party
In Interest–Appellant.

STATE of Idaho, Plaintiff–Respondent,

v.

Derek Warren HARMS, Defendant,

and

Allied Bail Bonds, Real Party
In Interest–Appellant.

Nos. 22777, 22778.

Court of Appeals of Idaho.

May 6, 1997.

Featherston Law Firm, Sandpoint, for appellants. Daniel P. Featherston argued, Sandpoint.

Hon. Alan G. Lance, Attorney General; Catherine O. Derden, Deputy Attorney General, argued, Boise, for respondent.

PERRY, Judge.

This consolidated appeal arises from two criminal cases in which bail was forfeited because the defendants failed to appear. Allied Bail Bonds appeals from the orders denying rescission of the forfeiture and exoneration of bail. We affirm.

## I.

## FACTS AND PROCEDURE

Rodney Lee Plant was charged with trafficking in a controlled substance, marijuana. I.C. § 37–2732B(a)(1)(B). Derek Warren Harms was charged with aggravated battery. I.C. §§ 18–903; –907(b). Both defendants pled guilty to the charges against them and then failed to appear at their sentencing hearings. The district court ordered the forfeiture of bail in both cases.

Allied Bail Bonds, the bail bond company in both cases, moved to rescind the orders forfeiting bail. Allied claimed that Idaho Code Section 19–2927[1] required the district

---

1. Idaho Code Section 19–2927 states, in part:

If, without sufficient excuse, the defendant neglects to appear before the court upon any occasion when his presence has been ordered the court must immediately direct the fact to be entered upon its minutes, order the forfeiture of the undertaking of bail, or the money deposited instead of bail, as the case may be, and order the issuance of a bench warrant for the arrest of the defendant. The clerk shall mail written notice within five (5) days of the forfeiture for failure to appear to the last known address of the person posting the undertaking of bail. A failure to give timely notice shall exonerate the bail or undertaking. If at any time within ninety (90) days after such entry in the minutes, the defendant appears and satisfactorily excuses his neglect, the court shall direct the forfeiture of the undertaking or the deposit to be exonerated.

court to have certain findings recorded in the court minutes prior to forfeiting bail. Allied contended that the district court failed to make the requisite finding in each case that the defendant's failure to appear was without sufficient excuse and failed to have that finding recorded in the minutes. At the conclusion of a consolidated hearing on these matters, the district court denied the motions. Allied appeals.

## II.

## ANALYSIS

■ The fixing of bail and release from custody are matters within the discretion of the trial judge. *State v. Fry,* 128 Idaho 50, 53, 910 P.2d 164, 167 (Ct.App.1994). Similarly, forfeiture of a bond or the setting aside of such a forfeiture are discretionary as well. *Id.* However, the question in these cases is not a matter of the discretionary discharge of a properly forfeited bail bond. *See* I.C.R. 46(e)(4). Here, we are called upon to address the issue of whether the district court met its statutory duties prior to forfeiting bail. Hence, this is a question of statutory construction, over which this Court exercises free review. *State v. Morales,* 127 Idaho 951, 953, 908 P.2d 1258, 1260 (Ct.App.1996); *State v. Nelson,* 119 Idaho 444, 446, 807 P.2d 1282, 1284 (Ct.App.1991).

■ Allied claims that I.C. § 19–2927 requires a district court to make explicit findings of fact that the defendant was absent from the proceedings and that the absence was without sufficient excuse, prior to forfeiting bail, and to order that the court minutes reflect these findings. Allied relies, in part, on a New Mexico case, *State v. Barboa,* 64 N.M. 5, 322 P.2d 337 (1958).

■ In response, the state argues that only the absence of the defendant need be noted in the minutes of the proceedings, not the sufficiency of the excuse. The state contends that this interpretation is in keeping with the generally accepted principles of English grammar. *See State v. Troughton,* 126 Idaho 406, 411, 884 P.2d 419, 424 (Ct.App. 1994). The state draws attention to the singularity of the word "fact" in the statute, claiming that this indicates the district court,

in each case, needed to make only one finding of fact—the defendant failed to appear. The state further argues that because the deputy court clerk provided Allied with notice of the district court's forfeiture orders, the purpose of the statute, notice to the entity who provided the bail bond in order that it have the opportunity to locate the defendant, was satisfied in these cases.

Once the terms of the bond are breached, the court is required to enter such facts in the minutes, thereby causing forfeiture of bail. *State v. Overby,* 90 Idaho 41, 46, 408 P.2d 155, 157 (1965). The defendant's failure to appear before the court as ordered constitutes a breach of the bond. The district court is to have the fact of the defendant's absence noted in the court minutes prior to ordering forfeiture of bail. *See* I.C. § 19–2927.

The statute provides that a defendant may forward the defense of sufficient excuse for the failure to appear. If the defendant fails to appear without explanation, the district court is not in a position to evaluate the reason for that absence. The court will not be able to make an informed finding of fact as to the existence or absence of sufficient excuse until some excuse is forwarded by the defendant or counsel. Accordingly, the defendant has ninety days to appear and offer an excuse for the failure to appear. The factual finding regarding the sufficiency of the excuse is to be made when the defendant appears personally or through counsel and offers an excuse. The district court may then utilize its discretion in determining whether the excuse was sufficient. The absence of sufficient excuse for the failure to appear, however, is not an element of the breach and therefore need not be entered in the court minutes at the time the district court orders forfeiture of bail.

We note that, according to the record before us, neither defendant appeared before the district court in person or through counsel and attempted to excuse his failure to appear. Hence, the district court was never called upon to determine whether there was sufficient excuse for either defendant's absence.

The *Barboa* opinion, relied upon by Allied, does not support its position. The court there held that the state must stand or fall on the sufficiency of the interlocutory order of forfeiture entered on the record. The court then went on to hold that the order in that case "was fatally defective because of the failure to include therein a finding that the defendant (principal on the bond) failed to appear." *Barboa,* 322 P.2d at 338. The court minutes, which are included in the opinion, state neither that the defendant failed to appear nor that the failure was due to sufficient excuse. However, the court held that the fatal flaw was singular, the omission of the defendants' failure to appear from the court minutes. *Id.* Hence, that case is consistent with our holding and requires only a singular finding of fact regarding the defendant's failure to appear.

█ Further, as noted by the state, I.C. § 19–2927 provides for notice to the bail bond company directly within five days of the forfeiture. I.C. § 19–2927. The state asserts that Allied did not rely on the accuracy or the contents of the court minutes and cannot claim that it was prejudiced by the minutes. We agree. According to the record before us, Allied received proper notice under I.C. § 19–2927, and therefore immediately could begin attempting to locate the defendants. Thus, Allied was not prejudiced by any alleged deviation from the mandates of the statute regarding the court minutes.

## III.

## CONCLUSION

The district court's findings that the defendants failed to appear when ordered were sufficient to satisfy I.C. § 19–2927. The district court was not required to make factual findings regarding the sufficiency of the defendants' excuses for failing to appear. Further, Allied was not prejudiced by any deviations from the statute because it was properly notified of the forfeitures. The district court's denial of Allied Bail Bonds' motions for rescission of forfeiture is affirmed.

WALTERS, C.J., and LANSING, J., concur.