[No. B165315. Second Dist., Div. One. June 30, 2004.]

COUNTY OF LOS ANGELES, Plaintiff and Respondent, v.
GRANITE STATE INSURANCE COMPANY, Defendant and Appellant.

## COUNSEL

Nunez & Bernstein and E. Alan Nunez for Defendant and Appellant.

Lloyd W. Pellman, County Counsel, Gary N. Miller, Assistant County Counsel, and Lauren M. Black, Deputy County Counsel, for Plaintiff and Respondent.

## OPINION

**ORTEGA, J.**—The trial court forfeited bail and entered summary judgment on the forfeiture. The court denied the surety's (Granite State Insurance Company) motion to set aside the summary judgment and exonerate the bond. We conclude notice of the forfeiture was defective, entitling Granite State to exoneration of the bond.

Criminal defendant Danny Bellrio was released on a $30,000 bond posted by Granite State through its agent Millennium Bail Bonds. Bellrio was ordered to appear for a pretrial hearing on February 13, 2001. When he failed to appear, the trial court forfeited the bail and issued a bench warrant with $10,000 bail. The following constitutes the totality of the February 13 hearing: "The Court: On Bellrio, we are going to issue a bench warrant for Mr. Bellrio. The underlying offense is 11352. I will put $25,000—what was the previous bail? [¶] Ms. Villanueva: Bail was previously 30,000. He has no other record. With the probation recommendation, I don't know whether the Court would consider low bail. [¶] The Court: I will at this time. $10,000. [¶] The Clerk: Bail forfeited? [¶] The Court: Bail forfeited, and 10,000 on the warrant."

Notwithstanding the above, the clerk prepared a minute order declaring that the court had found "good cause not to forfeit bail" and had ordered the warrant held to March 6, 2001.

On March 6, Bellrio again failed to appear. The trial court noted that it had "held a bench warrant till today." It again issued a bench warrant (this time $25,000 bail) and "forfeited" bail.

On March 9, 2001, the trial court issued a notice of bail forfeiture, specifically noting the forfeiture date as March 6, 2001, and making no mention of the February 13 hearing.

Penal Code section 1305, subdivision (b), provides, in part, that "[t]he surety or depositor shall be released of all obligations under the bond if any of the following conditions apply: [¶] (1) The clerk fails to mail the notice of forfeiture in accordance with this section within 30 days after the entry of the forfeiture."

The question becomes whether the trial court forfeited bail on February 13 and, if so, whether the March 9 notice (sent within 30 days of February 13) fulfilled the statutory requirement. We conclude the court unequivocally forfeited bail on February 13 (in spite of the contradictory minute order). We also conclude that the March 9 notice, which specifically limited itself to the March 6 "forfeiture," failed to adequately advise the surety of the February 13 forfeiture.

" 'The law traditionally disfavors forfeitures and this disfavor extends to forfeiture of bail. [Citations.] Thus, Penal Code sections . . . dealing with forfeiture of bail bonds must be strictly construed in favor of the surety to avoid the harsh results of a forfeiture.' [¶] The standard of review, therefore, compels us to protect the surety, and more importantly the individual citizens who pledge to the surety their property on behalf of persons seeking release from custody, in order to obtain the corporate bond." (*County of Los Angeles v. Surety Ins. Co.* (1984) 162 Cal.App.3d 58, 62 [208 Cal.Rptr. 263].)

The March 9 notice provided as follows: "Please take notice that the surety bond posted by you for the below named defendant has been ordered forfeited by the court in Dept. 116 *for the failure to appear on 03/06/01*." (Italics added.) We will not stretch this notice to somehow encompass the February 13 forfeiture. The March 9 notice limited itself to March 6 and thereby excluded February 13. We also decline to let the clerk overrule the judge by issuing a minute order that bears no resemblance to what took place during the hearing.

■ The bottom line is that on March 6, there was no bail to forfeit. The court had ordered the bail forfeited on February 13. The surety was entitled to notice *of that forfeiture* within 30 days. Not having received such notice, the surety was entitled to relief. Even if the trial court somehow had

the authority to forfeit the bail twice, "the surety and bail agent are entitled to separate notice under the statute every time a forfeiture is declared." (*People v. American Contractors Indemnity Co.* (2001) 91 Cal.App.4th 799, 808 [110 Cal.Rptr.2d 799].)

## DISPOSITION

The judgment is reversed. The matter is remanded to the trial court for entry of an order exonerating the bond. Granite State Insurance Company is entitled to its costs on appeal.

Spencer, P. J., and Vogel (Miriam A.), J., concurred.