[No. G033588. Fourth Dist., Div. Three. Feb. 28, 2005.]

THE PEOPLE, Plaintiff and Respondent, v.
AEGIS SECURITY INSURANCE COMPANY, Defendant and Appellant.

### Counsel

Nunez & Bernstein and E. Alan Nunez for Defendant and Appellant.

Benjamin P. de Mayo, County Counsel, and Leon J. Page, Deputy County Counsel, for Plaintiff and Respondent.

### Opinion

**RYLAARSDAM, Acting P. J.**—Aegis Security Insurance Company (Aegis) appeals from an order denying its motion to set aside a judgment and discharge an order forfeiting a bail bond relating to a client who failed to appear in the underlying criminal case. Aegis contends the court lacked jurisdiction to enter judgment against it because the notice of forfeiture incorrectly listed the date of the actual order of forfeiture. We conclude this error did not deprive the court of jurisdiction to enter judgment and affirm the order, but remand the matter to the superior court to amend the judgment nunc pro tunc to state the correct date of forfeiture. We further grant, in part, respondent's request for judicial notice.

### FACTS

The defendant in the underlying criminal case, Son Dinh Pham, failed to appear for a mandatory court appearance on February 27, 2003, after being released on $150,000 bail. Pham had been in court that morning, but he apparently could not be located when the case was called later in the afternoon. The court told Pham's attorney, "I have to forfeit his bond, he's

not here. That's by statute." After granting the attorney's request for a brief recess to try to contact Pham, the court ordered the bond forfeited. The minute order which followed from this proceeding, however, stated, "Bail to be forfeited when received."

On March 7, a notice of forfeiture of the bail bond was sent to Aegis and the bail agent. The notice listed the correct information identifying Pham, the case number, the bond number, the amount of the bond, and the date the bond was posted. But it incorrectly listed the date of the court-ordered forfeiture as March 7, 2003—eight days after the February 27 proceeding in which Pham failed to appear.

On October 16, the court entered summary judgment on the forfeited bail bond as follows: "On March 7, 2003, Bail Bond No. ASIC150 7000175, in the sum of $150,000.00 was forfeited pursuant to Penal Code section 1305 for Son Dinh Pham's failure to appear in the above-entitled court as directed . . . . [¶] . . . IT IS HEREBY ORDERED . . . pursuant to provisions of section 1306 of the Penal Code . . . that the County of Orange recover from the above-named Defendant the sum of $150,000.00, together with interest . . . ."

Aegis later moved for an order to set aside the judgment and to discharge the forfeiture and exonerate bail. The motion was denied, and this appeal followed.

## DISCUSSION

*The Court Had Jurisdiction to Enter the Judgment*

Aegis contends the court should have granted its motion because it lacked jurisdiction to enter summary judgment based on the erroneous date in the notice of forfeiture. We disagree.

■ When a defendant who has been released on bail fails to appear without a sufficient excuse, the court "shall in open court declare forfeited the undertaking of bail or the money or property deposited as bail . . . ." (Pen. Code, § 1305, subd. (a).) Penal Code section 1305 further requires that "the clerk of the court shall, within 30 days of the forfeiture, mail notice of the forfeiture to the surety . . . ." (Pen. Code, § 1305, subd. (b).) If the clerk fails

to mail the notice within 30 days after forfeiture has been entered, the surety is released from its obligation under the bond. (*Ibid.*) It is also settled that "[i]f a surety is to be afforded the protections provided by [Penal Code section 1305 the surety] must be advised at an early date of the fact of the forfeiture in order that [the surety] may institute procedures to locate and compel the appearance of the bailee." (*People v. United Bonding Ins. Co.* (1971) 5 Cal.3d 898, 906 [98 Cal.Rptr. 57, 489 P.2d 1385].)

■ Generally, " 'a court has jurisdiction over a bail bond from the point that it is issued until the point it is either satisfied, exonerated, or time expires to enter summary judgment after forfeiture.' " (*People v. American Contractors Indemnity, Co.* (2004) 33 Cal.4th 653, 663 [16 Cal.Rptr.3d 76, 93 P.3d 1020].) But in a case where the defendant has failed to appear without sufficient excuse, the court loses its jurisdiction to order the bail forfeited unless it does so in open court at the time of the failure to appear. (*People v. United Bonding Ins. Co., supra,* 5 Cal.3d at pp. 906–907; *People v. Wilshire Ins. Co.* (1977) 67 Cal.App.3d 521, 535 [136 Cal.Rptr. 693].) Regardless of what the court's docket or the judgment reflect, this is precisely what the court did in this case.

■ The reporter's transcript of the proceedings held on February 27, 2003 shows the court complied with Penal Code section 1305, subdivision (a) by ordering the bond forfeited when Pham failed to appear on that date without sufficient excuse. Although the minute order for February 27 stated, "Bail to be forfeited when received," the oral record of that proceeding shows the court unequivocally ordered the bail bond forfeited on the actual date of Pham's nonappearance. Such a discrepancy amounts to a clerical error that may be corrected nunc pro tunc on the court's own motion or at the request of a party. (*In re Daoud* (1976) 16 Cal.3d 879, 882, fn. 1 [129 Cal.Rptr. 673, 549 P.2d 145]; *In re Candelario* (1970) 3 Cal.3d 702, 705 [91 Cal.Rptr. 497, 477 P.2d 729].)

Aegis contends Pham also failed to appear a second time on March 7 based on the fact "the notice of forfeiture and the summary judgment both indicated that bail was forfeited on that date." The record does not support this contention. There is no minute order of any proceeding held on March 7. While the record does contain several notations made in the docket for March 7, those notations simply indicate the bond had been filed and posted in the amount of $150,000, and that the "Court order[ed] bail bond #ASIC1507000175 FORFEITED in open Court." There is nothing to indicate a hearing was held on March 7 requiring Pham's appearance. Thus, the

present case is not analogous to *County of Los Angeles v. Granite State Ins. Co.* (2004) 121 Cal.App.4th 1 [16 Cal.Rptr.3d 503], wherein the defendant had actually failed to appear on two occasions.

■ Aegis further argues it never received notice of the February 27 forfeiture because the notice it received listed the date of forfeiture as March 7. Not so. The statute merely requires that notice be provided within 30 days of the court's order that the bail bond be forfeited; it does not require that the notice include the date of forfeiture. (Pen. Code, § 1305, subd. (b).) Thus, Aegis received all the notice it was due. And the notice was not prejudicially defective simply because it listed an incorrect date. (See *People v. Legion Ins. Co.* (2002) 102 Cal.App.4th 1192, 1197–1198 [126 Cal.Rptr.2d 172] [surety failed to show notice containing the wrong bail bond number was defective where statute did not require recitation of the number or permit release from obligations under bond for such error].)

Although the court did not abuse its discretion when it denied Aegis's motion, it erroneously perpetuated the clerical error contained in the February 27 minute order and subsequent notice sent to Aegis by incorporating the March 7 date in the judgment. We therefore remand the matter to the superior court to amend the judgment nunc pro tunc to show the date of the order of forfeiture as February 27, 2003.

*Request for Judicial Notice*

Respondent requests that we take judicial notice of the complete docket report in the underlying criminal case and of the superior court's case management procedures as described in the declaration of a superior court deputy clerk. We grant the request as to the docket because the clerk's transcript is not complete. But we deny the request to take judicial notice of the superior court's case management procedures.

We do not find that procedures relating to how the superior court's computerized case management system or bond tracking system work constitute "[f]acts [or] propositions that are of such common knowledge . . . that they cannot reasonably be the subject of dispute." (Evid. Code, § 452, subd. (g).) Neither do these procedures appear to be "capable of immediate and accurate determination by resort to sources of reasonably indisputable accuracy." (Evid. Code, § 452, subd. (h).)

## DISPOSITION

The request for judicial notice is granted as to the docket report only and denied as to the rest. The matter is remanded to the superior court to amend the judgment nunc pro tunc to reflect the date of forfeiture as February 27, 2003. The postjudgment order is affirmed. Respondent shall recover its costs on appeal.

Bedsworth, J., and O'Leary, J., concurred.