111 P.3d 621

STATE of Idaho, Plaintiff–Respondent,

v.

Samuel R. VARGAS, Defendant,

and

Aladdin Bail Bonds, Real Party
In Interest–Appellant.

No. 30852.

Court of Appeals of Idaho.

April 7, 2005.

Dennis M. Charney, Eagle, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Carol L. Chaffee, Deputy Attorney General, Boise, for respondent.

PERRY, Chief Judge.

Aladdin Bail Bonds appeals from the district court's order denying Aladdin's motions to exonerate a bail bond and to extend enforcement of the bond forfeiture. For the reasons set forth below, we affirm.

## I.

### FACTS AND PROCEDURE

Samuel R. Vargas was charged with possession of a controlled substance. I.C. § 37–2732(c)(1). On August 4, 2003, Vargas was arraigned and bail was set. Two days later, Aladdin posted Vargas's bond, and Vargas was scheduled to appear on August 18, 2003.

Vargas failed to appear at the scheduled hearing, and a magistrate ordered forfeiture of the bond and issued a bench warrant for Vargas's arrest. On that same date, a notice of forfeiture of surety bond was filed indicating that the bond was forfeited pursuant to I.C. § 19–2927 but that the forfeiture would be discharged if Aladdin brought Vargas before the magistrate within ninety days from the date ordering forfeiture of the bond. On September 15, 2003, the magistrate quashed the bench warrant and reset the preliminary hearing for September 29, 2003.

On September 29, 2003, Vargas failed to timely appear at that hearing and the magistrate again issued a bench warrant and order forfeiting the prior bond. A notice of forfeiture of surety bond was also filed indicating that Aladdin had ninety days from the date of forfeiture, September 30, 2003, to bring Vargas before the magistrate in order to have the forfeiture discharged. Vargas appeared a short time later, and the magistrate ordered the warrant served. Vargas was taken into custody, a new bail was set, and a new preliminary hearing date was set for October 9, 2003.

On October 9, 2003, Vargas waived the preliminary hearing and was bound over to the district court. The magistrate reduced Vargas's bond. Aladdin again posted bond for Vargas and Vargas was released.

On October 15, 2003, Vargas appeared for his arraignment and pled not guilty. The district court ordered Vargas to be present at both the pre-trial conference, set for December 29, 2003, and the jury trial set for January 20, 2004. However, on December 29, 2003, Vargas failed to appear and the district court ordered the bond forfeited and issued a bench warrant for Vargas's arrest. A notice of forfeiture of bond was filed on December 29, 2003, stating that the bond had been declared forfeited pursuant to I.C. § 19–2927 on *January 20, 2004*, and that the forfeiture would be discharged if Aladdin brought Vargas before the district court within ninety days from the date of the order forfeiting the bond. The notice of forfeiture was dated December 30, 2003, by the clerk of the court.

On March 16, 2004, Aladdin filed a pro se motion for an extension of enforcement of the bond forfeiture. Aladdin requested an extension on the ground that it was actively tracking Vargas and had obtained leads for an address in California. The motion requested that the extension expire on July 4, 2004. The district court granted the motion but ordered that the extension expire on April 29, 2004.

On March 24, 2004, Aladdin filed a pro se motion to set aside the forfeiture and exonerate the bond pursuant to I.C.R. 46(e) on the ground that the notice of forfeiture stated that Vargas had failed to appear on January 20, 2004, but the forfeiture was mailed on December 30, 2003. On April 13, 2004, Aladdin, represented by an attorney, filed a motion for a second extension of enforcement of bond forfeiture.

On May 24, 2004, the district court held a hearing in regard to Aladdin's motions, which the district court denied. In its order denying Aladdin's motions, the district court found that "any deficiency in the notice of [Vargas's] failure to appear at the December 29, 2003, was waived by Aladdin Bail Bonds by virtue of the fact that such surety filed the subject motions for extension which reflected the surety's awareness of [Vargas's] absence." Aladdin appeals.

On appeal, Aladdin argues that the district court erred in holding that a deficiency in the notice of bond forfeiture can be waived and by denying the motion to exonerate bond. Additionally, Aladdin contends that the district court abused its discretion by denying its motion to extend the enforcement of the bond forfeiture.

## II.

## ANALYSIS

Aladdin argues that the district court failed to provide sufficient notice pursuant to I.C. § 19–2927 of forfeiture of the bond and, thus, the district court erred in denying its motion to exonerate the bond. This is a question of whether the district court met its statutory duties and, therefore, this Court exercises free review. *State v. Plant*, 130 Idaho 130, 132, 937 P.2d 442, 444 (Ct.App. 1997).

Idaho Code Section 19–2927 provides, in pertinent part:

If, without sufficient excuse, the defendant neglects to appear before the court upon any occasion when his presence has been ordered the court must immediately direct the fact to be entered upon its minutes, order the forfeiture of the undertaking of bail, or the money deposited instead of bail, as the case may be, and order the issuance of a bench warrant for the arrest of the defendant. The clerk shall mail

written notice within five (5) days of the forfeiture for failure to appear to the last known address of the person posting the undertaking of bail. A failure to give timely notice shall exonerate the bail or undertaking. If at any time within ninety (90) days after such entry in the minutes, the defendant appears and satisfactorily excuses his neglect, the court shall direct the forfeiture of the undertaking or the deposit to be exonerated.

. . . .

The court which has forfeited the undertaking of bail, or the money deposited instead of bail, may, before remittance of the forfeiture, and with the written consent of the person posting the same, set aside the forfeiture and reinstate the undertaking of bail or money deposited instead of bail.

Additionally, Idaho Criminal Rule 46 similarly states, in pertinent part:

(e) Forfeiture and Enforcement of Bail Bond. The court which set the amount of a bail bond may order the forfeiture and enforcement of the bail bond in any of the following manners:

(5) After the court enters the order forfeiting bail, the clerk must, within five (5) days, mail a written notice of forfeiture to the last known address of the person posting the undertaking of bail. If the defendant does not appear or is not brought before the court within ninety (90) days after the entry of the order forfeiting bail, the clerk, upon receiving payment of the forfeited bail, shall remit such forfeiture to the county auditor for distribution and apportionment as provided by I.C. § 19–4705.

. . . .

(g) Exoneration of Bail. When the conditions of bail have been satisfied, or if the clerk fails to mail a written notice to the person posting the undertaking of the bail within five (5) days of the order of forfeiture, the court shall then discharge the bail, exonerate sureties, and release any cash bonds or property deposited with the court. If the defendant appears or is brought before the court within ninety (90) days after the order forfeiting bail, the court shall rescind the order of forfeiture and shall exonerate the bond.

■ Aladdin contends that notice of the bond forfeiture was not given as required by the statute and rule because, if read literally, the notice provided that the bond would be forfeited at a future date—January 20, 2004, and, thus, the notice indicated that the bond had not yet been forfeited. Although the clerk did make an error in the notice, the actual requirements of the statute were met. The notice was sufficient to notify Aladdin that forfeiture had occurred and to put Aladdin on inquiry as to the correct date. The fact that Aladdin filed a motion for extension and thus knew about the forfeiture demonstrates that Aladdin had actual notice of the forfeiture despite any clerical error. The district court substantially complied with the statutory requirements in Section 19–2927 and, therefore, the district court did not err in denying Aladdin's motion to exonerate the bond. This conclusion, that notice of forfeiture is not deficient based only upon listing of an incorrect date of forfeiture, has been reached by other jurisdictions. *See People v. Aegis Security Ins. Co.,* 127 Cal. App.4th 569, 25 Cal.Rptr.3d 623 (Ct.App. 2005); *State v. Saucier,* 676 So.2d 838 (La.Ct. App.1996).

■ Aladdin additionally argues that the district court abused its discretion in denying its second motion to extend the enforcement of the bond forfeiture. Aladdin filed its first motion for extension of enforcement of bond forfeiture and the district court granted the motion but ordered the extension to expire on April 29, 2004, rather than July 4, 2004, as Aladdin requested. Aladdin filed a motion for a second extension of enforcement of bond forfeiture on April 13, 2004. At a hearing, the district court addressed Aladdin's second motion for an extension noting that it could find no authority to extend the ninety days within which a defendant must be brought before a court to discharge the forfeiture. When requested by the court for such authority, Aladdin's counsel conceded that no authority existed for such an extension but argued that it was the practice of the courts to grant such extensions. At the conclusion of the hearing, the district court

denied Aladdin's motion for a second extension.

Aladdin argues that the district court had the discretion to extend the time of enforcement beyond the ninety-day period based upon I.C. § 19–2927 and I.C.R. 46. Aladdin further contends that the district court abused its discretion because it failed to recognize that it had such discretion. Section 19–2927, as quoted above, directs the court to exonerate forfeiture if the defendant appears within ninety days of the forfeiture. The statute further provides that the court may *set aside* the forfeiture and reinstate the bond if done prior to remittance of the forfeiture and with written consent of the person posting the bond. However, Section 19–2927 does not provide for an *extension* of the ninety days nor does it list any exceptions and, thus, the statute does not confer upon a court authority to extend the time specifically described by the statute.

Additionally, I.C. § 19–2928, which governs enforcement of the forfeiture, provides that if the forfeiture is not discharged, the prosecuting attorney may, "at any time after ninety (90) days" from the forfeiture, proceed to recover against the forfeited bail. It is clear from that statute that the legislature anticipated ninety days as the time for enforcement of the bond forfeiture.

Idaho Criminal Rule 46 also allows the court that has forfeited bail to set aside the forfeiture if done prior to remittance of the forfeiture and if it appears that justice does not require enforcement of the forfeiture. However, Rule 46 refers to the ninety-day time period in which the defendant must appear in order for the forfeiture to be exonerated and does not give the court discretion to grant an extension.

We are aware that Idaho courts have customarily granted motions for extension of the enforcement of bond forfeitures. *See State v. Abracadabra Bail Bonds,* 131 Idaho 113, 952 P.2d 1249 (Ct.App.1998); *Plant,* 130 Idaho 130, 937 P.2d 442. However, the validity of that practice was not the issue raised in those cases and, therefore, an Idaho appellate court has not previously addressed it.

Idaho Code Section 19–2927 does not provide Idaho courts with the authority to grant extensions.[1] Therefore, we cannot find that the district court abused its discretion in denying Aladdin's motion for an extension because the district court did not have the authority to grant a motion for an extension.

## III.

## CONCLUSION

The district court substantially complied with the statutory requirements in Section 19–2927 even though the notice of forfeiture listed the incorrect date of forfeiture and, therefore, the district court did not err in denying Aladdin's motion to exonerate the bond. Additionally, the district court did not abuse its discretion in denying Aladdin's second motion to extend the enforcement of the bond forfeiture because Idaho statutes and rules do not grant the authority to do so. Accordingly, the district court's order denying Aladdin's motions to exonerate bail bond and to extend enforcement of bond forfeiture is affirmed. Costs, but not attorney fees, are awarded to the state as the prevailing party.

Judge LANSING and Judge GUTIERREZ concur.

---

1. We note that, although I.C. § 19–2927 does not provide Idaho courts with such authority, when a legislature has so intended, that authority is specifically set forth in its statute. *See* Cal. Penal. Code § 1305.4 (2005); *see also People v. Seneca Ins. Co.,* 116 Cal.App.4th 75, 10 Cal.Rptr.3d 93 (2004) (holding that although an extension of the 180–day period in which a defendant could be returned to custody in order to avoid a forfeiture could be granted pursuant to statute, the surety was not entitled to the extension because it failed to demonstrate good cause).