188 P.3d 935

**STATE of Idaho, Plaintiff–Respondent,**

v.

**German CASTRO, Defendant,**

and

**Steven Ellefson dba Best Bail Bonds, Real Party in Interest–Appellant.**

No. 33622.

Court of Appeals of Idaho.

June 23, 2008.

Weigt Law Offices, CHTD, Boise, for appellant. Dennis C. Weigt argued.

Hon. Lawrence G. Wasden, Attorney General; Daniel W. Bower, Deputy Attorney General, Boise, for respondent. Daniel W. Bower argued.

GUTIERREZ, Chief Judge.

Steven Ellefson, dba Best Bail Bonds, appeals from the district court's order denying his motion to set aside forfeiture, dismiss the action, or in the alternative exonerate bond. We affirm.

## I.

### FACTS AND PROCEDURE

In 2001, German Castro pled guilty to aggravated battery in case no. H0100170 and was sentenced to an aggregate suspended sentence of seven years, with two years determinate. In June 2005, while on probation, Castro was arrested and charged with felony possession of cocaine and two misdemeanors, carrying a concealed weapon and discharge of a firearm. An additional charge of being a felon in possession of a firearm was later added to the felony possession complaint.

A probation violation was filed in case no. H0100170 and bond was set at $20,000. At about the same time, separate bonds were set at $1,000 for the concealed weapons and discharge of a firearm case, and $25,000 in the felony possession and felon in possession of a firearm case. Ellefson, acting for Best Bail Bonds with Sun Surety Insurance Company as the primary surety, submitted surety bonds on behalf of Castro in all three of the cases and Castro was released.

Castro denied that he violated his probation in case no. H0100170 but the court found otherwise. Castro, however, failed to appear for his disposition hearing and the court forfeited the $20,000 bond. The clerk mailed a notice of forfeiture of bail bond to Ellefson, identifying the amount as $20,000, the bond no. as 30–04490 and the case no. as H0100170.

Ellefson filed a motion to set aside the forfeiture, dismiss the action, or in the alternative, exonerate bond. He argued that he did not undertake a bond in case no. H0100170, because on his copy of the bond form for bond no. 30–04490 for $20,000, he had written a different case number provided by jail personnel. A hearing was held, with the exhibits and testimony showing that the original case number on the bond had been incorrect, although it was subsequently changed on the court's copy to reflect the

correct number (H0100170). It was not clear who had effected this alteration.

Following the hearing, Ellefson submitted an affidavit averring that he did not undertake a bond in case no. H10100170 and that he had not been the one to alter the case number on that bond. The district court ultimately denied his motion to set aside forfeiture. Ellefson now appeals.

## II.

## ANALYSIS

Ellefson argues that the district court erred in denying his motion to set aside forfeiture, dismiss the action, or in the alternative exonerate bond. In general, a trial court has discretion over bond forfeiture matters, and we review such decisions for abuse of discretion. *State v. Vargas*, 141 Idaho 485, 111 P.3d 621 (Ct.App.2005). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

### A. Validity of Bond

Ellefson contends the district court improperly entered judgment forfeiting the bond, because he claims there was no actual valid bond agreement where his copy of the bond listed the case number as M0507317 while the court's copy listed the case number (under the same bond number) as H0100170 only because it had been altered. In other words, Ellefson argues that since the case number on the bond did not match Ellefson's

case number, no bond agreement was formed.[1]

A bail bond agreement is a suretyship contract between the state on one side and an accused and his or her surety on the other side, whereby the surety guarantees the appearance of an accused. *State v. Abracadabra Bail Bonds*, 131 Idaho 113, 116, 952 P.2d 1249, 1252 (Ct.App.1998). The extent of the surety's undertaking is determined by the bond agreement and is subject to the rules of contract law and suretyship. *Id.*

The primary aim in interpreting contracts is to ascertain the mutual intent of the parties at the time their contract is made. *Tri State Land Co., Inc. v. Roberts*, 131 Idaho 835, 839, 965 P.2d 195, 199 (Ct.App. 1998). The intent should, if possible, be ascertained from the language of the agreement, as the words used by the parties are deemed to be the best evidence of their intent. *Id.* If language in an agreement is ambiguous, the fact finder must attempt to discern the intent of the contracting parties, generally by considering the objective and purpose of the provision and the circumstances surrounding the formation of the agreement. *State v. Allen*, 143 Idaho 267, 272, 141 P.3d 1136, 1141 (Ct.App.2006).

Here, the surrounding circumstances include substantial evidence of the parties' mutual intent to enter into the bond agreement. The bond, signed by Ellefson, identifies Castro as a defendant in a probation violation case in Ada County and identifies the bond amount as $20,000. Notably, despite the discrepancy in the case numbers, the bond number on both copies of the bond was the same (30–04490). Additionally, there was only one probation violation case in Ada County involving Castro, and in that case, the bond had been set precisely at $20,000. In his only cases pending in Ada County, Castro was required to post bond of $20,000 in the

---

1. In his brief to this Court and during oral argument, Ellefson also took issue with the lower court's finding that his affidavit claiming he had not undertaken the bond was not credible. However, as he conceded at oral argument, the true issue on appeal is not whether Ellefson undertook the bond in the first place, but rather whether it was a valid bond that can be enforced.

Thus, we need not discuss the court's consideration of the affidavit in detail, but we do point out that after an examination of the record it is clear that the court examined the whole of the evidence presented—including the affidavit—and made a reasoned decision not to accept Ellefson's averment where it ran contrary to the weight of the evidence.

probation violation case, $25,000 in the felony possession case, and $1,000 in the misdemeanor case. Ellefson undertook to post bond in these three amounts in each of the three cases. The only reasonable explanation for such action is that Ellefson intended to become the bondsman on Castro's probation violation bond. Thus, regardless of the discrepancy in the case numbers between the two copies of the bonds, the evidence as a whole shows that it was the mutual intent of the parties for Ellefson to undertake a $20,000 bond on behalf of Castro in regard to his probation violation.

In sum, where the bond's own language and the surrounding circumstances establish the mutual intent of the parties to have Ellefson undertake Castro's probation violation bond, the district court did not err in denying Ellefson's motion to have the bond forfeiture set aside or exonerated.

Ellefson also argues that even if the bond was initially valid, "it clearly became invalid when it was altered in violation" of the Bail Bond Guidelines for the Fourth District. His reliance on the bond guidelines, however is misplaced. While they do indicate that a bail form should not be altered, nothing in the sections he cites addresses the circumstance, as occurred here, of a clerical error being made when the case number was incorrectly designated on the form.

It has long been the law that where there is a failure to express in writing the contract terms as agreed by the parties due to mistake by the draftsman, a court will reform the writing to effectuate the intention of the parties. *See Bilbao v. Krettinger,* 91 Idaho 69, 73, 415 P.2d 712, 716 (1966). So, where as in the instant case, there is clear evidence that the parties intended to enter into a valid bond agreement, the fact that the case number was initially incorrectly designated will not result in the bond being invalid and unenforceable. Rather, we "reform" the contract to represent the intent of the parties which here, was clearly for Ellefson to undertake the bond.

## B. Sufficiency of Notice

Finally, Ellefson argues that because the notice of forfeiture sent by the court listed a different case number than his records, he did not receive adequate notice under the statute. Whether a district court met its statutory duties before forfeiting bail is a question of statutory construction over which we exercise free review. *State v. Plant,* 130 Idaho 130, 132, 937 P.2d 442, 444 (Ct.App.1997).

Idaho Code Section 19–2927 and Idaho Criminal Rule 46(e)(5) require the court clerk to mail a written notice of forfeiture to a bail bond surety within five days after the court enters an order forfeiting bail for a defendant's failure to appear. Noncompliance with the notice requirement results in exoneration of the bond. I.C. § 19–2927; I.C.R. 46(g). Neither the statute or the rule specifically identifies what must be included in the notice, and neither explicitly mandates exoneration for any defect other than untimeliness.[2]

---

**2.** In relevant part, Idaho Code Section 19–2927 states:

> If, without sufficient excuse, the defendant neglects to appear before the court upon any occasion when his presence has been ordered the court must immediately direct the fact to be entered upon its minutes, order the forfeiture of the undertaking of bail, or the money deposited instead of bail, as the case may be, and order the issuance of a bench warrant for the arrest of the defendant. The clerk shall mail written notice within five (5) days of the forfeiture for failure to appear to the last known address of the person posting the undertaking of bail. A failure to given timely notice shall exonerate the bail or undertaking. If at any time within ninety (90) days after such entry in the minutes, the defendant appears and satisfactorily excuses his neglect, the

court shall direct the forfeiture of the undertaking or the deposit to be exonerated.

Idaho Criminal Rule 46 provides in pertinent part:

> (e) Forfeiture and Enforcement of Bail Bond. The court which set the amount of a bail bond may order the forfeiture and enforcement of the bail bond in any of the following manners:
>
> (5) After the court enters the order forfeiting bail, the clerk must, within five (5) days, mail a written notice of forfeiture to the last known address of the person posting the undertaking of bail. If the defendant does not appear or is not brought before the court within ninety (90) days after the entry of the order forfeiting bail, the clerk, upon receiving payment of the forfeiting bail, shall remit such forfeiture to the county auditor . . .

The state points out that this Court has previously held that notice is sufficient regardless of defects where it is evident that the bondsman received "actual" notice of the forfeiture, or in other words, is informed of the necessity of locating a defendant who has not appeared. In *Vargas*, 141 Idaho at 486, 111 P.3d at 622, the clerk sent a notice of forfeiture, but listed the wrong forfeiture date—a date in the future. The bonding company argued that this error rendered the notice invalid, but we held that despite the error, the notice was sufficient to notify the bonding company that forfeiture had occurred and to put it on "inquiry as to the correct date." *Id.* at 487, 111 P.3d at 623. We concluded the bonding company had "actual" notice of the forfeiture (as evidenced by the fact it filed a motion for extension) and that the district court substantially complied with the statutory requirements. *Id.*

Here, it is evident that Ellefson received information via the notice to put him on "inquiry" as to the correct case number. The notice included the bond no. which matched the number on the copy retained by Ellefson and the advisement that in order to preserve the $20,000 bond posted for Castro's probation violation case, Ellefson was required to locate Castro within the ninety day period. The notice was sufficient for Ellefson to identify the person to whom the notice applied, as well as the charge (probation violation) involved and therefore provided "actual" notice, despite the case number discrepancy.

The California Court of Appeals addressed a similar issue in *People v. Legion Insurance Company*, 102 Cal.App.4th 1192, 126 Cal. Rptr.2d 172 (2002). There, the court rejected an argument that a bail bond was exonerated because the clerk's notice of forfeiture contained an incorrect bond number. *Id.* at 1200, 126 Cal.Rptr.2d 172. The court observed that the timely notice included the defendant's full name, the criminal case number, the date the bond was forfeited, and the bond amount, and noted that the bonding company did not claim that it was unable to identify the person to whom the notice applied due to the incorrect bond number. After observing that the surety had received actual timely notice of the forfeiture, the court held that because the statute's goal of effective notice was achieved, and exoneration was not statutorily required for any deficiency except for failure to timely mail a notice of forfeiture, the bond was correctly forfeited. *Id.*

As with the California court, we conclude the notice here contained sufficient information to identify which bond was at issue and therefore, that Ellefson received actual notice of the forfeiture. Notably, Ellefson never argues that he was unable to identify to whom the notice applied—most likely because it was obvious given all of the other information contained in the notice. We also note that under Idaho's statute, as with California's, the only deficiency for which exoneration is required is failure to timely mail a notice of forfeiture—a deficiency which did not occur here. In sum, the notice substantially complied with the strictures of the statute, and we affirm the court's denial of Ellefson's motion to exonerate bond.

### III.

### CONCLUSION

We conclude the district court did not abuse its discretion in denying Ellefson's motion to set aside or exonerate the bond forfeiture because the court took the evidence presented, including the affidavit, into consideration and came to a reasoned conclusion that a valid bond agreement was formed in the first place. We also conclude that Ellefson received sufficient notice of the forfeiture. Accordingly, we affirm.

----

(g) Exoneration of Bail. When the conditions of bail have been satisfied, or if the clerk fails to mail a written notice to the person posting the undertaking of the bail ... within five (5) days of the order of forfeiture, the court shall then discharge the bail, exonerate sureties, and release any cash bonds or property deposited with the court. If the defendant appears or is brought before the court within ninety (90) days after the order forfeiting bail, the court shall rescind the order of forfeiture and shall exonerate the bond.

Judge LANSING and Judge Pro Tem WALTERS concur.