EVAN SETH ROST, AN INFANT BY HIS GUARDIAN *AD LITEM*, MURRAY ROST AND MURRAY ROST, INDIVIDUALLY, PLAINTIFFS-APPELLANTS, v. BOARD OF EDUCATION OF THE BOROUGH OF FAIR LAWN, THOMAS CANNITO, FRANK J. MONTALBANO AND OLIVE FOX, DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued October 27, 1975—Decided November 13, 1975.

Before Judges ALLCORN, KOLE and GAULKIN.

*Mr. Michael J. Breslin, Jr.* argued the cause for appellants.

*Mr. Stephen B. Fenster* argued the cause for respondents (*Messrs. Fenster, Fenster and Farrell*, attorneys).

PER CURIAM. In this action against the board of education under the Tort Claims Act, *N. J. S. A.* 59:1–1 *et seq.,* for injuries to the infant plaintiff and for consequential damages to his father, the trial judge dismissed the parent's claim for damages by reason of his failure to give notice thereof

to the board within the period of 90 days required by *N. J. S. A.* 59:8–8 and the one-year time limit for judicial approval of the late filing of a claim provided by *N. J. S. A.* 59:8–9. It so held even though the infant's claim for relief, under *N. J. S. A.* 59:8–8, would not be barred for such reasons, since that provision "expressly extends the time limitations set forth therein for the giving of notice or the institution of an action by an infant until he has become of age." 130 *N. J. Super.* 187, 188 (Law Div. 1974). This appeal by the parent from the ensuing order followed.

The trial judge stated that where the parent has given timely notice of his claim under *N. J. S. A.* 59:8–8, by virtue of *N. J. S. A.* 2A:14–2.1, the period of time in which he may institute his action is the same as that which applies to the infant. However, the following circumstances persuaded it that the Tort Claims Act did not intend to extend the tolling provisions to the filing by the parent of a notice of claim for his consequential damages:

(1) Presumptively the Legislature knew of *Trevorrow v. Boyer*, 52 *N. J. Super.* 215 (Law Div. 1958), when it enacted *N. J. S. A.* 2A:14–2.1. That case held that the parent's claim was barred by failure to give timely notice thereof to the Unsatisfied Claim and Judgment Fund, as required by *N. J. S. A.* 39:6–65. Nevertheless, in *N. J. S. A.* 2A:14–2.1 the Legislature did not expressly provide for the tolling of any notice requirements with respect to the parent's claim but limited its provisions to the time in which an action on such claim might be instituted.[1]

---

[1] *N. J. S. A.* 2A:14–2.1 in effect overruled *Higgins v. Schneider*, 61 *N. J. Super.* 36 (App. Div. 1960), aff'd 33 *N. J.* 299 (1960). Higgins held that the parent's claim for consequential damages was not derivative but independent and separate from that of the child, and therefore the two-year statute of limitations governed the parent's cause of action. It relied in part on *Trevorrow v. Boyer, supra*, 52 *N. J. Super.* 215. We express no opinion as to the result reached in *Trevorrow*, since the issue presented in that case is not before us.

(2) *N. J. S. A.* 59:1–2 and 59:2–1 indicate a legislative purpose to permit liability of public entities for personal injuries only within the limitations of the statute.

(3) Absent an express provision tolling the notice requirements for the parent's claim, a judicial ruling to that effect would constitute an unwarranted exercise of the legislative function.

The conclusion reached by the trial judge might have the indirect effect of requiring notice of the infant's claim to be presented within the time limitations prescribed by *N. J. S. A.* 59:8–8. That result may be desirable, since it permits early investigation by the public entity. But in our view, it is contrary to the express statutory provision relating to notice of infant claims and is not consonant with the legislative intent implicit in *N. J. S. A.* 59:8–8 or expressed in *N. J. S. A.* 2A:14–2.1, which must be considered *in pari materia.*

We are in substantial agreement with the rationale expressed in the opinion of Judge Demos in *Vedutis v. Tesi,* 135 *N. J. Super.* 337 (Law Div. 1975), which held that the parent has the same period of time in which to file a notice of claim under the Tort Claims Act as the infant. We thus reverse the order below dismissing the parent's consequential damage claim, essentially for the reasons set forth in that opinion.

Reversed.