910 P.2d 164

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Steven A. FRY, Defendant,**

and

**Pioneer Bail Bonds, Defendant–Appellant.**

**No. 20935.**

Court of Appeals of Idaho.

Sept. 8, 1994.

Johnson, McLean, Riccelli & Devlin, Coeur d'Alene, for appellant. J. Scott Miller argued.

Larry EchoHawk, Atty. Gen., Michael A. Henderson, Deputy Atty. Gen., Boise, for respondent. Michael A. Henderson argued.

PERRY, Judge

In this case, we are asked to decide whether incarceration in another jurisdiction is a "sufficient excuse" to avoid bond forfeiture under I.C. § 19–2927 and I.C.R. 46(e). We hold that such incarceration is not, per se, sufficient excuse to prevent forfeiture, but is merely one factor, among many, that a court may consider in making its discretionary decision whether to forfeit bail.

## FACTS AND PROCEDURE

The underlying facts of this case are not in dispute. A criminal complaint was filed in Kootenai County against Steven Fry on February 16, 1993, charging him with burglary. Following his arrest, Fry's bail was set at $5,000. Fry made arrangements with Pioneer Bail Bonds (Pioneer) for the posting of the bail and was released. Fry appeared for his arraignment in March of 1993 and pled not guilty. A jury trial was then scheduled to commence on August 16, 1993.

At a pretrial conference on July 30, 1993, Fry's attorney notified the district court that Fry would not be present because he was incarcerated in the Spokane County Jail on an outstanding warrant issued in the state of Washington. In response, the district court vacated the August trial date and immediately issued a bench warrant for Fry's arrest.

On August 4, 1993, the clerk of the district court issued to Pioneer a notice of forfeiture of the bond. On September 29, 1993, Pioneer filed a motion to vacate the bond forfeiture. The motion was heard on October 29, 1993, and was denied by the district court. Pioneer now appeals the forfeiture and subsequent denial of its motion to set aside the forfeiture. Pioneer argues that Fry's incarceration in the Spokane County Jail was a "sufficient excuse" for his failure to appear under I.C. § 19–2927 and I.C.R. 46(e) so that bond forfeiture is not permissible. Additionally, Pioneer argues that the actions of the district court violated Fry's constitutional rights concerning bail and that the district court failed to issue a written order forfeiting the bond.

## ANALYSIS

We first review the question of whether incarceration in another jurisdiction constitutes a "sufficient excuse" under I.C. § 19–2927 or I.C.R. 46(e). Our standard of review regarding this issue will be directly tied to the underlying decision we are asked to make. If we decide that, as a matter of law, incarceration in another jurisdiction always constitutes a sufficient excuse or may never constitute a sufficient excuse, then we freely review the district court's application of law

to the facts as found below. *Kawai Farms, Inc. v. Longstreet,* 121 Idaho 610, 613, 826 P.2d 1322, 1325 (1992). If, on the other hand, we decide that incarceration in another jurisdiction is only one factor to be considered by the district court in making its discretionary decision whether to forfeit bond, then we will employ an abuse of discretion standard. *Sun Valley Shopping Center, Inc. v. Idaho Power Co.,* 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991).

The decisions in various jurisdictions regarding the determination of whether incarceration in another jurisdiction should excuse bond forfeiture follow three different lines of authority. *See* Lee R. Russ, Annotation, *Bail: Effect on Surety's Liability Under Bail Bond of Principal's Incarceration in Other Jurisdiction,* 33 A.L.R.4th 663 (1984). In some states, incarceration in another jurisdiction is not a valid excuse for avoidance of bond forfeiture. Other jurisdictions have held that such an excuse is valid and should allow forfeiture to be avoided. A third line of authority suggests that incarceration in another jurisdiction is but one of a number of factors that may be considered in the trial court's discretion when making a bond forfeiture determination.

The first line of authority, that incarceration in another jurisdiction does not provide a valid excuse to avoid bond forfeiture, began with the United States Supreme Court's decision in *Taylor v. Taintor,* 83 U.S. 366, 21 L.Ed. 287 (1872). In *Taylor,* the Court ruled, "It is the willing act of the [the defendant] which creates the obstacle, and the legal effect is the same as of any other act of his, which puts performance out of his power." *Id.* at 370, 21 L.Ed. 287. Thus, a surety had no claim for avoiding the forfeiture of bond because "what will not avail [the defendant] cannot avail his sureties." *Id.* at 374, 21 L.Ed. 287. More recent cases have followed this line of reasoning. In *State v. Fields,* 137 N.J.Super. 76, 347 A.2d 810 (Ct. App.Div.1975), the New Jersey court stated that the "mere fact that defendant is imprisoned in Florida is not sufficient to relieve the forfeiture in whole or in part, especially if he left New Jersey without permission, or is jailed for a new crime." *Id.,* 347 A.2d at 811.

Likewise, an Alabama appellate court has held, "The rule is well established that the incarceration in another state of the principal in a bail bond arrangement made in this state does not relieve the sureties on that bond of their obligation to produce the principal at the appointed place and time in Alabama." *Johnson v. State,* 401 So.2d 118, 118–19 (Ala. Civ.App.1981).

In contrast with this view is the position that incarceration in another jurisdiction should work to excuse a surety from liability. This position was also first advanced in *Taylor v. Taintor,* 83 U.S. 366, 21 L.Ed. 287 (1873), albeit in the dissenting opinion of Justice Field. Justice Field reasoned that all the laws of the various states work together and that the excusal of bond forfeiture for an "act of law" should be read to encompass all the laws of the various states. This reasoning has also been followed more recently by state case authority. Finding that "incarceration at the time of the forfeiture in any penal institution within the United States . . . is a 'wholly sufficient ground' to strike a forfeiture," the Maryland appellate court held that a lower court judge had abused his discretion in failing to rule that the defendant's incarceration sufficiently excused the bond forfeiture. *Irwin v. State,* 17 Md.App. 518, 302 A.2d 688, 692 (Ct.Spec.1973).

The third position is that incarceration in another jurisdiction is one factor, among many, that may be taken into consideration when a trial court exercises its discretionary decision whether to forfeit the bond. In *State v. Amador,* 98 N.M. 270, 648 P.2d 309 (1982), the New Mexico court weighed the various policy considerations at play in the entire bond and bail process, finding, "Strict application of forfeiture statutes discourages bondsmen from giving bail or producing the defendant." *Id.,* 648 P.2d at 313. Reading New Mexico statutes, which are similar to Idaho's, the court in *Amador* held, "Each of the provisions establishes a standard requiring the court to exercise its discretion in determining whether to order forfeiture of the entire amount of the bond." *Id.,* 648 P.2d at 312.

Similarly, the Montana court held that "incarceration by a foreign sovereign is not per

se a satisfactory excuse [under M.C.A. 46–9–503] ... incarceration is a factor for the District Court to consider in determining discharge on such terms as may be just." *State v. Seybert,* 229 Mont. 183, 745 P.2d 687, 689 (1987).

In Idaho, it has long been held that the "fixing of bail and release from custody are matters traditionally within the discretion of the courts. We believe that these matters are most wisely left to the trial judge." *State v. Currington,* 108 Idaho 539, 541, 700 P.2d 942, 944 (1985) (citations omitted). The statute and rule applicable to this case also lead to the conclusion that the forfeiture of a bond or the setting aside of such a forfeiture are discretionary decisions.

Idaho Code § 19–2927 provides that:

If, without sufficient excuse, the defendant neglects to appear for arraignment or for trial or judgment, or upon any other occasion when his presence in court may be lawfully required, or to surrender himself in execution of the judgment, the court must direct the fact to be entered upon its minutes and the undertaking of bail, or the money deposited instead of bail, as the case may be, is thereupon declared forfeited. The clerk shall mail written notice within five (5) days of the forfeiture for failure to appear to the last known address of the person posting the undertaking of bail. A failure to give timely notice shall exonerate the bail or undertaking. If at any time within ninety (90) days after such entry in the minutes, the defendant appears and satisfactorily excuses his neglect, the court may direct the forfeiture of the undertaking or the deposit to be discharged upon such terms as may be just.

If within ninety (90) days of the date of forfeiture, a person, other than the defendant, who has provided bail for the defendant, brings the defendant before the court, the court shall direct that the forfeiture of the undertaking or deposit be discharged.

Also applicable at the time the district court made the decision to forfeit Fry's bond was I.C.R. 46(e). The rule, as it read prior to its 1994 revision,[1] stated:

(e) Forfeiture and enforcement of bail bond. The court which set the amount of a bail bond may order the forfeiture and enforcement of the bail bond in any of the following manners:

(1) In the event a person fails to appear before the court at the time required as a condition to bail, the court may ex parte forfeit the bail or bail bond and issue a bench warrant for the arrest of such person, and the court shall determine the amount of bail, if any, upon the arrest of such person under the bench warrant, and write the amount of such bail on the bench warrant at the time of its issuance.

. . . .

(4) The court which has forfeited bail before remittance of the forfeiture may direct that the forfeiture be set aside, upon such conditions as the court may impose, if it appears that justice does not require the enforcement of the forfeiture.

. . . .

Based upon our conclusion that questions of bond forfeiture are directed to the trial court's exercise of discretion, we believe that the discretion of the court considering forfeiture should not be limited by an absolute rule regarding incarceration in another jurisdiction. The incarceration, and its surrounding circumstances, should be factors with which the court makes the determination whether to forfeit the bail. Whether the incarceration arises from a new crime committed while the defendant was free on bond,

---

1. Subsection (1) of this rule underwent substantial revision in 1994. Idaho Criminal Rule 46(e)(1) now states:

(e) Forfeiture and enforcement of bail bond. The court which set the amount of a bail bond may order the forfeiture and enforcement of the bail bond in any of the following manners:

(1) In the event th[at] a person fails to appear before the court at the time required as a condition to bail, and the court finds that said failure to appear is without sufficient excuse, or where no evidence is presented which would provide sufficient excuse[, t]he court may ex parte forfeit the bail or bail bond and may issue a bench warrant or the court may ex parte forfeit the bail or bail bond and delay the issuance of a bench warrant for 90 days.

This revision leaves our analysis set forth in this opinion unchanged.

or from an offense that preceded his arrest in Idaho, should be considered.

■ In deciding how much, if any, of the bond to forfeit, the court should also consider: (1) the willfulness of the defendant's violation of bail conditions; (2) the surety's participation in locating and apprehending the defendant; (3) the costs, inconvenience, and prejudice suffered by the state as a result of the violation; (4) any intangible costs; (5) the public's interest in ensuring a defendant's appearance; and (6) any mitigating factors. *United States v. Frias–Ramirez,* 670 F.2d 849, 852 (9th Cir.1982); *United States v. Castaldo,* 667 F.2d 20, 21 (9th Cir.1981); *Seybert,* 745 P.2d at 689.

■ Having determined that forfeiture of the bond is a discretionary decision, and that incarceration in another jurisdiction is one factor to be considered in exercising that discretion, we turn to whether the district court properly exercised its discretion in this case. In order to properly exercise its discretion, a trial court must: (1) correctly perceive the issue as one of discretion; (2) act within the boundaries of its discretion and consistently with the legal standards applicable to the specific choices available to it; and (3) reach a decision by an exercise of reason. *Sun Valley Shopping Center, Inc. v. Idaho Power Co.,* 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991); *State v. Hedger,* 115 Idaho 598, 600, 768 P.2d 1331 (1989).

■ In this case, the state recognized at oral argument that if forfeiture of bond is a discretionary matter for the district court, the court below did not perceive the matter as one of discretion; and that, therefore, remand is necessary. We agree. It is apparent from the record that the district court did not perceive this issue to be one of discretion. The record indicates that the district court recognized the split in authority on the question, and noted that the Idaho appellate courts had not yet ruled on this issue. The district court recognized only two positions, however, believing that incarceration in another jurisdiction always amounted to a sufficient excuse under I.C. § 19–2927 or never amounted to such an excuse. The district court chose to adhere to the latter

position, holding that Fry's incarceration did not excuse his absence, and therefore bail was to be forfeited. Because the district court failed to perceive the issue as one of discretion, the matter must be remanded to the district court for a reconsideration of the forfeiture, during which the factors and analysis advanced in this opinion should be applied. *See e.g., Matter of Estate of Kunzler,* 109 Idaho 350, 707 P.2d 461 (Ct.App.1985); *State v. Torres,* 107 Idaho 895, 693 P.2d 1097 (Ct.App.1984); *Barnes v. Hinton,* 103 Idaho 619, 651 P.2d 553 (Ct.App.1982) (remand for reconsideration through proper exercise of discretion).

Whether a sufficient excuse has been presented and whether bail should be forfeited remain decisions within the trial court's discretion. If no such excuse is shown, the district court then must determine how much, up to the entire amount of bail, is to be forfeited. This latter decision is also a discretionary decision, apart from, but closely related to, the original decisions whether a sufficient excuse has been demonstrated and whether bail should be forfeited.

In addition to its argument that incarceration in another state is, as a matter of law, sufficient cause to prevent forfeiture, Pioneer also advances two related issues. First, Pioneer argues that the bond forfeiture in this case was improper because no written order for forfeiture was issued. In this case, a minute entry indicates that the district court ordered the forfeiture on the record, though no written order was prepared. While the better practice would call for the entry of a written order, our reading of I.C. § 19–2927 and I.C.R. 46(e) does not indicate that a written order is necessary for the forfeiture of bail. Nor do the cases cited by Pioneer in support of this argument so indicate. Therefore, we deem this argument to be without merit.

■ Finally, Pioneer asserts that the bail forfeiture proceedings in this case violated Fry's constitutional rights to bail as guaranteed by the Idaho and the United States Constitutions. Our review of the record below, however, indicates that this argument was not presented to the district court for consideration. The long standing rule in

Idaho is that an appellate court will not consider issues, including constitutional issues, that are presented for the first time on appeal. *State v. Fodge,* 121 Idaho 192, 824 P.2d 123 (1992); *Sanchez v. Arave,* 120 Idaho 321, 815 P.2d 1061 (1991). Therefore, we will not address Pioneer's claim of error on constitutional grounds.

### CONCLUSION

The incarceration of a defendant in another jurisdiction does not, as a matter of law, prevent forfeiture of his bail, but is one factor that a court should consider in making the discretionary decision whether to forfeit bail. In this case, the district court erred by failing to recognize the decision as one to which discretion should be applied. Therefore, the case must be remanded for a reconsideration of the forfeiture decision. Pioneer lacks standing to challenge the constitutionality of the bail forfeiture proceedings in this case and its argument regarding the lack of a written order forfeiting bond is without merit.

The order forfeiting bond is reversed. The case is remanded to the district court for reconsideration of its forfeiture order through an exercise of discretion consistent with this opinion.

WALTERS, C.J., and LANSING, J., concur.