167 P.3d 788

STATE of Idaho, Plaintiff–Respondent,

v.

Zachary Beck, Defendant,

and

QUICK RELEASE BAIL BONDS, Real Party in Interest-Appellant.

No. 32460.

Court of Appeals of Idaho.

June 1, 2007.

Review Dismissed Sept. 7, 2007.

Redal and Redal, Coeur d'Alene, for appellant. John E. Redal argued.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent. Lori A. Fleming argued.

LANSING, Judge.

Quick Release Bail Bonds, as the real party in interest, appeals from the district court's order denying Quick Release's motion for exoneration of a bail bond. We conclude that the district court erred in limiting the information it considered in determining whether to exonerate the bond. We therefore vacate the order and remand for further consideration.

## I.

## BACKGROUND

Zachary Beck was charged with felony malicious harassment, Idaho Code § 18–7902. Quick Release posted a bail bond on his behalf in the amount of $50,000 and Beck was released. On June 10, 2004, Beck failed to appear at a pretrial conference, and the prosecutor informed the court that Beck had been arrested in the state of Washington and was being held there on numerous charges. The district court thereupon ordered forfeiture of the bond and issued a bench warrant. Quick Release was given proper notice of the forfeiture.

One month later, on July 8, 2004, Quick Release filed a motion to exonerate the bond on the ground that Beck was being held on felony charges in Washington with an Idaho felony "hold" for the charge in the present case. The prosecutor opposed the motion, but at a hearing stipulated with Quick Release to "extend the bond" for six months. Although it is not apparent from the record, on appeal the parties agree that their intent with this stipulation was to extend the ninety-day period within which Quick Release could produce Beck and obtain an automatic exoneration of the bail bond pursuant to I.C. § 19–2927. On January 27, 2005, Quick Release filed an amended motion to exonerate the bond on the same grounds as before. Prior to the scheduled hearing, however, the parties filed a written stipulation to extend the time for another six months, and the district court entered an order to that effect.

On June 20, 2005, Quick Release filed a third motion to exonerate the bond, stating that Beck by then had been sentenced and imprisoned in Washington and that the Idaho hold was still in place. The prosecutor again opposed Quick Release's request for exoneration. In addressing the motion, the district court concluded that the succession of six-month extensions had been impermissible under applicable law and that the court therefore could consider only information presented with Quick Release's first motion in July 2004, in deciding whether to set aside the forfeiture and exonerate the bond. The court then denied Quick Release's motion by an order issued in October 2005. After Quick Release appealed, the parties filed a stipulation to stay the remittance of the bond pending the appeal, and the district court entered an order to that effect.

On November 15, 2005, Beck filed a request for a final disposition of the Idaho charge pursuant to the Interstate Agreement on Detainers, I.C. § 19–5001(c)(1). He was thereafter transferred to Idaho and, pursuant to a plea agreement, pleaded guilty to an amended charge of eluding a police officer. On February 9, 2006, the district court entered a judgment of conviction against Beck.[1]

---

1. The judgment of conviction also states that "any bail posted in this matter shall be exonerated...." The parties were unaware of this language in the judgment until it was pointed out by this Court at oral argument. The district court having previously expressly denied Quick Release's exoneration motion, it appears that this language in Beck's judgment was an inadvertent

## II.

## ANALYSIS

In Idaho, forfeiture, relief from forfeiture, and exoneration of bail are governed by statute, Idaho Code § 19–2927, and court rule, Idaho Criminal Rule 46. Idaho Code § 19–2927 provides:

If, without sufficient excuse, the defendant neglects to appear before the court upon any occasion when his presence has been ordered the court must immediately direct the fact to be entered upon its minutes, order the forfeiture of the undertaking of bail, or the money deposited instead of bail, as the case may be, and order the issuance of a bench warrant for the arrest of the defendant.... If at any time within ninety (90) days after such entry in the minutes, the defendant appears and satisfactorily excuses his neglect, the court shall direct the forfeiture of the undertaking or the deposit to be exonerated.

If within ninety (90) days of the date of forfeiture, a person, other than the defendant, who has provided bail for the defendant, surrenders the defendant to any Idaho peace officer, the undertaking of bail or deposits are thereby exonerated.

The court which has forfeited the undertaking of bail, or the money deposited instead of bail, may, before remittance of the forfeiture, and with the written consent of the person posting the same, set aside the forfeiture and reinstate the undertaking of bail or money deposited instead of bail.

As relevant to this appeal, I.C.R. 46 provides:

(e)(4) The court which has forfeited bail before remittance of the forfeiture may direct that the forfeiture be set aside upon such conditions as the court may impose, if it appears that justice does not require the enforcement of the forfeiture. If the court sets aside the forfeiture, it may, with the written consent of the person posting the bail, reinstate the bail, or the court may exonerate the bail, or the court may recommit the defendant to the custody of the

sheriff and set new bail or may release the defendant on his or her own recognizance. The court shall give written notice to the person posting the undertaking of the action taken by the court.

(g) Exoneration of Bail. When the conditions of bail have been satisfied ... the court shall then discharge the bail, exonerate sureties, and release any cash bonds or property deposited with the court. If the defendant appears or is brought before the court within ninety (90) days after the order forfeiting bail, the court shall rescind the order of forfeiture and shall exonerate the bond.

■ In the present case, the district court concluded that the ninety-day time limit for automatic exoneration of a bond upon the reappearance or surrender of a defendant, referenced in the foregoing statute and subsection (g) of the rule, applied to Quick Release's motion for exoneration. Relying upon this Court's opinion in *State v. Vargas*, 141 Idaho 485, 111 P.3d 621 (Ct.App.2005), the district court further concluded that this ninety-day period cannot be extended. On that basis, the court reasoned that in ruling upon Quick Release's motion for exoneration, it must consider only the information that was provided to the court within ninety days of the forfeiture order. On appeal, Quick Release argues that the district court was incorrect in applying the ninety-day limit to this case. We agree that the district court erred in applying the ninety-day time limit and the *Vargas* ruling to Quick Release's motion.

In *Vargas*, this Court addressed those provisions of I.C. § 19–2927 and I.C.R. 46 that provide for exoneration of bail if the person posting bail surrenders the defendant within ninety days after the date of forfeiture. Both the statute and the rule call for the court to automatically set aside a forfeiture and exonerate the bail if a defendant is returned to custody within ninety days after the forfeiture order. In *Vargas*, the bail bond company contended that the district

inclusion of standard language for a judgment of conviction and that there was no intent by the district court to reverse its prior ruling. Moreover, because this appeal was pending, it appears

that the district court had no jurisdiction to exonerate the bond at that point. *See* Idaho Appellate Rule 13. We therefore view this provision in the judgment of conviction to be a nullity.

court erred by denying its motion for an extension of the ninety-day period. We affirmed the district court's conclusion that neither the statute nor the criminal rule gave a trial court discretion to extend the ninety-day time limit. *Id.* at 486–88, 111 P.3d at 622–24.

Neither the ninety-day limit nor our holding in *Vargas* is relevant to the present case, however, because Quick Release's motion of July 8, 2004, and its two repetitions of that motion, did not request an extension of time within which Quick Release could return Beck to Idaho and obtain an automatic exoneration. Rather, Quick Release's motions sought an *immediate* exoneration of the bond, even while Beck remained outside of Idaho. Quick Release sought such exoneration under the provision of I.C.R. 46(e)(4) that authorizes a trial court to set aside a forfeiture at any time "before remittance of the forfeiture" and to thereafter exonerate the bail.

■ Quick Release is correct in asserting that its motions were timely because they requested exoneration at a point before "remittance of the forfeiture." Remittance, in this context, means payment of the amount of the forfeited bail. The procedure for remittance of a forfeiture under Idaho statutes depends upon whether the defendant has posted cash in lieu of bail, an undertaking of bail, or a bail bond. Once the judge has set the dollar amount of bail pursuant to I.C. §§ 19–2901 and 19–2902, a defendant has the option of depositing cash with the court clerk in the amount of the bail. I.C. § 19–2922. Alternatively, the defendant may have two "sufficient sureties" execute a "written undertaking" of bail in which the sureties promise to pay the sums specified for bail if the defendant fails to appear. I.C. § 19–2909. A third alternative is to post a bail bond from a bonding company as was done here. *See generally Leader v. Reiner,* 143 Idaho 635, 639–40, 151 P.3d 831, 835–36 (2007). If the defendant has posted cash with the court clerk in lieu of bail and a forfeiture is ordered, the statute provides that the clerk will simply remit the deposited money to the county at the end of the ninety-day period. I.C. § 19–2929; I.C.R. 46(e)(5). Where a bond or undertaking is involved, however,

the clerk possesses nothing to remit. Rather, the undertaking or bond is a contractual obligation, and the county prosecutor must bring an independent action after ninety days to enforce the obligation if the surety or bonding company does not pay the amount voluntarily. I.C. § 19–2928; *State v. Abracadabra Bail Bonds,* 131 Idaho 113, 116, 120, 952 P.2d 1249, 1252, 1256 (Ct.App.1998).

In this case, no independent action was ever initiated by the prosecutor, and the record conclusively establishes that, by stipulation, the bail bond amount has not yet been paid and will not be paid until this appeal has been decided. Accordingly, Quick Release's motions for exoneration were timely, and the apparent invalidity of the stipulations and orders for extensions of the inapplicable ninety-day time limit is irrelevant.

■ The State argues, however, that Quick Release's motions were properly denied because exoneration of bail is governed by I.C. § 19–2927 and I.C.R. 46(g), each of which authorizes the court to exonerate a bond only when the defendant voluntarily appears or has been brought before the court. The last paragraph of section 19–2927, which allows a forfeiture to be vacated anytime before remittance, is inapplicable here, the State argues, because Quick Release did not expressly request that the forfeiture be vacated and because this portion of the statute does not expressly address exoneration. The State barely acknowledges the existence of I.C.R. 46(e), which does expressly authorize exoneration after a forfeiture has been set aside. The State does not argue that this provision of the rule is invalid or unenforceable for any reason; rather, the State contends that this provision of I.C.R. 46(e) ought not be applied here because Quick Release's motion requested only exoneration instead of requesting that the court *first* set aside the forfeiture and *then* exonerate the bond.

The State's parsing of the language of the motion is not an appropriate basis for judicial disposition. Rather, we look to the substance of Quick Release's request. It is apparent that when bail has been forfeited, before that bail can be exonerated the forfeiture must be set aside. Therefore, a motion to exonerate bail in this circumstance inherently encompasses a request that the court

go through the appropriate steps of setting aside the forfeiture, followed by exoneration. Quick Release's motion adequately identified the requested relief and invoked the court's authority under I.C.R. 46(e)(4).

■ The decision whether to set aside a forfeiture or exonerate bond under I.C.R. 46(e)(4) is committed to the trial court's discretion. *State v. Rupp,* 123 Idaho 1, 3, 843 P.2d 151, 153 (1992) (motion to set aside forfeiture); *State v. Fry,* 128 Idaho 50, 910 P.2d 164 (Ct.App.1994) (same). In reviewing a trial court's exercise of discretion we consider whether the trial court (1) correctly perceived the issue as one of discretion; (2) acted within the outer boundaries of such discretion and consistently with applicable legal standards; and (3) reached its decision by an exercise of reason. *Rupp,* 123 Idaho at 3, 843 P.2d at 153.

■ In *Fry* we identified several factors for the trial court's contemplation when considering whether to order forfeiture of all or part of a defendant's bail when the defendant is incarcerated in another jurisdiction. We stated:

> In deciding how much, if any, of the bond to forfeit, the court should also consider: (1) the willfulness of the defendant's violation of bail conditions; (2) the surety's participation in locating and apprehending the defendant; (3) the costs, inconvenience, and prejudice suffered by the state as a result of the violation; (4) any intangible costs; (5) the public's interest in ensuring a defendant's appearance; and (6) any mitigating factors.

*Fry,* 128 Idaho at 54, 910 P.2d at 168. These same factors are relevant to the inquiry here—whether to vacate a forfeiture and exonerate bail in whole or in part. Of course, the *Fry* factors are not all-inclusive. A trial court may give weight to other relevant factors, including whether the State exhibited any actual interest in regaining custody of the defendant through prompt efforts to extradite him, whether the bonding company has attempted to assist or persuade the defendant to expedite his return to Idaho by exercising his rights under the Interstate Agreement on Detainers, I.C. § 19–5001, *et seq.,* and the need to deter the defendant and others from future violations.

■ In the present case, because the district court made an error of law, believing itself limited to considering information presented to it within ninety days after the forfeiture order, it did not recognize the full scope of its discretion and may not have considered all of the factors relevant to its decision. Therefore, we will vacate the order denying Quick Release's motion for exoneration of the bond and remand for reconsideration by the district court. Because Beck was returned to Idaho and the proceedings against him resolved during the pendency of this appeal, the district court on remand may take into consideration the ultimate disposition of Beck's criminal case. We also note that the State asserted below that it had "suffered cost, inconvenience, and prejudice" because of Beck's actions, but provided no specifics and no supporting evidence. The district court may, in its discretion, require a more formalized showing with regard to this and any other factors. We also observe that although the expense to the State, already incurred or anticipated to be incurred, because of a defendant's failure to appear is a significant consideration, the State has no entitlement to a windfall where the amount of the bail far exceeds the State's costs. *See Jeffers v. United States,* 588 F.2d 425 (4th Cir.1978); *United States v. Bass,* 573 F.2d 258 (5th Cir.1978); *United States v. Zulua-ga–Berrio,* 377 F.Supp.2d 611 (W.D.Tex. 2005). Further, the primary purpose of bail is not punitive, but is intended to ensure a defendant's presence in court. *Bass,* 573 F.2d at 260; *State v. Overby,* 90 Idaho 41, 46, 408 P.2d 155, 157 (1965). Accordingly, if the court determines that either forfeiture or exoneration of the entire amount would be inequitable, it may order partial exoneration of the bond.

The district court's order denying the motion to exonerate bond is vacated and this case is remanded for proceedings consistent with this opinion.

Chief Judge PERRY and Judge Pro Tem WALTERS CONCUR.