**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 36629**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **2010 Opinion No. 24** |
| Plaintiff-Respondent, | ) |
| | ) **Filed: April 7, 2010** |
| v. | ) |
| | ) **Stephen W. Kenyon, Clerk** |
| TWO JINN, INC., | ) |
| | ) |
| Real Party in Interest-Appellant, | ) |
| | ) |
| and | ) |
| | ) |
| AARON KYLE HARRIS, | ) |
| | ) |
| Defendant. | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge. Hon. Scott Wayman, Magistrate.

Decision of the district court, on intermediate appeal, affirming magistrate's order denying motion to set aside forfeiture and exonerate bond, <u>affirmed</u>.

Robyn Fyffe of Nevin, Benjamin, McKay & Bartlett, LLP, Boise, and Susan M. Campbell, Boise, for appellant. Robyn Fyffe argued.

Hon. Lawrence G. Wasden, Attorney General; Karin D. Jones, Deputy Attorney General, Boise, for respondent. Karin D. Jones argued.

_____

MELANSON, Judge

Two Jinn, Inc., a bail bond company and the real party in interest, appeals from the district court's decision affirming the magistrate's order denying Two Jinn's motion to set aside forfeiture and exonerate bond. For the reasons set forth below, we affirm.

**I.**

**FACTS AND PROCEDURE**

Aaron Kyle Harris pled guilty to operating a motor vehicle while under the influence of alcohol. I.C. § 18-8004. Harris was sentenced to 180 days in jail and placed on probation for two years. While on probation, Harris was ordered by the magistrate to appear and show cause

1

why his probation should not be revoked.  When Harris did not appear, the court issued a warrant for his arrest.  After his arrest, Two Jinn posted a $5000 bond and Harris was released.  On February 5, 2008, Harris failed to appear at a probation violation disposition hearing.  As a result, the magistrate issued a bench warrant and forfeited the bond.

Months later, Two Jinn filed a motion to set aside forfeiture and exonerate bond pursuant to former I.C. § 19-2927 and former I.C.R. 46.  In support of its motion, Two Jinn filed the affidavits of two investigators.  The affidavits explained that one investigator had located Harris in Oregon and contacted him by phone in February.  The other investigator traveled to Oregon in July, but could not convince Harris to return voluntarily.  Two Jinn argued that, because Oregon law prohibited investigators from apprehending Harris and returning him to Idaho, it was impossible for Two Jinn to fulfill its performance under the bail bond agreement.[1]  Further, Two Jinn also asserted that justice did not require enforcement of the bond forfeiture under I.C.R. 46(e)(4).  After a hearing, the magistrate denied Two Jinn's motion.  Two Jinn appealed to the district court, asserting that the magistrate abused its discretion.  The district court affirmed the magistrate's denial of Two Jinn's motion to set aside forfeiture and exonerate bond, holding that the magistrate properly recognized the issue as one of discretion, applied the correct legal standard, and did so through an exercise of reason.  Two Jinn again appeals.

## II.

## ANALYSIS

The decision whether to exonerate bond is committed to the trial court's discretion.  *State v. Quick Release Bail Bonds*, 144 Idaho 651, 655, 167 P.3d 788, 792 (Ct. App. 2007).  In this case, the magistrate denied Two Jinn's motion to exonerate bond, and the district court affirmed on intermediate appeal.  On review of a decision of the district court, rendered in its appellate capacity, we review the decision of the district court directly.  *Losser v. Bradstreet*, 145 Idaho 670, 672, 183 P.3d 758, 760 (2008).  We examine the magistrate record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings.  *Id.*  If those findings are so supported

---

[1]      On appeal, Two Jinn also asserted that its performance under the bail bond agreement was excused under the doctrine of impossibility.  However, at oral argument, Two Jinn withdrew that assertion.  Therefore, this Court will not address it further.

2

and the conclusions follow therefrom and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure. *Id.*

Two Jinn asserts that the magistrate erred when it denied Two Jinn's motion to set aside forfeiture and exonerate bond. The court's decision to set aside forfeiture and exonerate bond was governed by former I.C. § 19-2927 and former I.C.R. 46.[2] Former I.C. § 19-2927, which also governed the procedures for the forfeiture of bond, provided in relevant part:

> If within one hundred eighty (180) days of the date of forfeiture, a person, other than the defendant, who has provided bail for the defendant, surrenders the defendant to the jail facility of the county which issued the warrant, the undertaking of bail or deposits are thereby exonerated.

Former I.C.R. 46(e)(4) provided in relevant part:

> The court which has forfeited bail before remittance of the forfeiture may direct that the forfeiture be set aside upon such conditions as the court may impose, *if it appears that justice does not require the enforcement of the forfeiture*.

(Emphasis added). This Court has identified several factors that a court should consider when deciding whether to order forfeiture of a bond. *State v. Fry*, 128 Idaho 50, 54, 910 P.2d 164, 168 (Ct. App. 1994). In *Fry*, this Court stated:

> In deciding how much, if any, of the bond to forfeit, the court should also consider: (1) the willfulness of the defendant's violation of bail conditions; (2) the surety's participation in locating and apprehending the defendant; (3) the costs, inconvenience, and prejudice suffered by the state as a result of the violation; (4) any intangible costs; (5) the public's interest in ensuring a defendant's appearance; and (6) any mitigating factors.

*Id.* The *Fry* factors also apply to a court's decision to set aside forfeiture and exonerate bond. *Quick Release Bail Bonds*, 144 Idaho at 655, 167 P.3d at 792. A court may also consider any other relevant factors, including the state's demonstration of interest in regaining custody of the defendant through prompt efforts to extradite him or her, any effort by the bonding company to

---

[2] Effective July 1, 2009, I.C. § 19-2927 was repealed by S.L. 2009, ch. 90, § 1 and replaced by the Idaho Bail Act, I.C. § 19-2901 et. seq. Similarly, effective July 1, 2009, the Idaho Supreme Court repealed I.C.R. 46 and replaced it with a revised I.C.R. 46. At the time the motion to exonerate the bond was filed, former I.C. § 19-2927 and I.C.R. 46(e)(4) controlled. This opinion addresses the application of the former statute and rule.

assist or persuade the defendant to return to Idaho, and the need to deter defendants from future violations. *Id*.

Two Jinn argues that the magistrate applied the wrong legal standard when it stated that, in some cases, it would be "unjust to allow the bond to remain forfeited." Two Jinn asserts that the standard articulated by the magistrate was inconsistent with Rule 46(e)(4), which required the setting aside of a forfeiture if it appeared that "justice does not require enforcement of the forfeiture." The standard expressed by the magistrate at the hearing was not inconsistent with the language of Rule 46(e)(4). The meaning of the term "unjust" is consistent with the phrase, "justice does not require." Also, the phrase "allow the bond to remain forfeited" was another way of saying "enforcement of the forfeiture." Therefore, the magistrate correctly stated and applied the proper legal standard.

Two Jinn contends that it was unjust to allow the bond in this case to remain forfeited under I.C.R. 46(e)(4) because Oregon law prohibited Two Jinn from apprehending Harris and bringing him back to Idaho.[3] The district court affirmed the magistrate's decision to deny Two Jinn's motion to set aside forfeiture and exonerate bond, holding that the magistrate considered the evidence presented at the hearing on the motion and properly applied the evidence to each of the *Fry* factors. One *Fry* factor considered by the magistrate was Harris's willfulness in violating his bail conditions. The evidence presented to the magistrate indicated that Harris was living in Oregon of his own free will and was not in custody or somehow incapable of appearing in court. The evidence demonstrated that Harris was unwilling to return to Idaho on his own or in the custody of Two Jinn's investigator.

Another *Fry* factor is the surety's participation in locating the defendant. The magistrate was presented with affidavits detailing Two Jinn's efforts to locate Harris and bring him back to

---

[3]     Two Jinn refers to Oregon Revised Statute Section 133.747, which states:

> Subject to the qualifications of ORS 133.743 to 133.857 [which includes provisions of the Uniform Criminal Extradition Act] and the provisions of the Constitution of the United States controlling, and Acts of Congress in pursuance thereof, it is the duty of the Governor of this state to have arrested and delivered up to the executive authority of any other state of the United States any person charged in that state with treason, felony, or other crime, who has fled from justice and is found in this state.

Two Jinn also cites *State v. Epps*, 585 P.2d 425 (Or. App. 1978).

Idaho. The record reflects that the notice of bond forfeiture was issued on February 6, 2008. Two Jinn's affidavits averred that one investigator contacted Harris by telephone on February 13, and was assured that Harris was living in Portland, Oregon permanently, but would come back to Idaho and "take care of this." The affidavit of another investigator averred that the investigator traveled to Oregon in July 2008, took Harris's fingerprints and photograph, and asked him to return to Idaho voluntarily. Harris refused to accompany the investigator back to Idaho and again indicated that he would take care of this" on his own. No evidence was presented that Two Jinn or its investigators notified Oregon authorities that Harris was wanted on a bench warrant while living in Oregon. Further, Two Jinn conceded that despite knowing since February 2008 that Harris was in Portland, and possessing a telephone number to reach him there, the filing of the motion to set aside forfeiture on August 1, 2008, was the first time that it notified Idaho authorities of Harris's whereabouts. Two Jinn apparently did nothing concerning Harris from February to July and never informed Idaho authorities that it might take steps to apply for extradition from Oregon.

Substantial evidence supports the magistrate's finding that Two Jinn failed to timely contact authorities to have Harris returned to Idaho. Substantial evidence also supports the magistrate's finding that Harris's failure to appear was voluntary and willful. The magistrate's conclusion that justice required enforcement of the forfeiture followed from those findings. Therefore, Two Jinn has failed to show that the magistrate abused its discretion when it denied the motion to set aside forfeiture and exonerate bond.

### III.
### CONCLUSION

Based upon a review of the record, we hold that the magistrate's factual findings were supported by substantial and competent evidence and that the magistrate's conclusions of law followed therefrom. The magistrate properly applied the correct legal standard and concluded that it was not unjust to allow the bond to remain forfeited, within its discretion. Accordingly, we affirm the district court's decision affirming the magistrate's order denying Two Jinn's motion to set aside forfeiture and exonerate bond.

Chief Judge LANSING and Judge Pro Tem SCHWARTZMAN, **CONCUR.**

5