**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 47533**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: September 22, 2020** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| MR. BAIL, INC., | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Real Party in Interest-Appellant, | ) |
| | ) |
| and | ) |
| | ) |
| WILLIE K. RABEY, | ) |
| | ) |
| Defendant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Elmore County. Hon. Nancy Baskin, District Judge; Hon. Theodore Fleming, Magistrate.

Order of the district court, on intermediate appeal affirming magistrate court's denial of motion to exonerate bond, <u>affirmed</u>.

Trilogy Law Group, PLLC; Aaron J. Tribble, Boise, for appellant. Aaron J. Tribble argued.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent. Kenneth K. Jorgensen argued.

---

BRAILSFORD, Judge

Mr. Bail, Inc., a bail bond company and the real party in interest, appeals the district court's intermediate appellate decision affirming the magistrate court's order denying Mr. Bail's untimely motion to exonerate a $10,000 bond posted on behalf of Willie K. Rabey.

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

In February 2016, Rabey was cited in Elmore County for a second offense of driving without privileges, Idaho Code § 18-8001(4), and he promised to appear before the magistrate court. When Rabey failed to appear, the State charged Rabey with failure to appear. I.C. § 19-3901A(a). Thereafter, Rabey repeatedly failed to appear for scheduled court appearances, was arrested, posted bond, and was released from custody only to fail to appear again.

The third time Rabey failed to appear, the magistrate court issued a bench warrant for Rabey's arrest with a bond amount of $2,500. After Rabey was arrested under this warrant, Mr. Bail posted bond on Rabey's behalf ($2,500 bond). When Rabey failed to appear for a fourth time, the court ordered the $2,500 bond forfeited and issued a bench warrant for Rabey's arrest with a bond amount of $10,000. Upon Rabey's arrest, Mr. Bail again posted bond on Rabey's behalf ($10,000 bond).

Then, Rabey was arrested on murder charges pending in Owyhee County. While incarcerated in Owyhee County, Rabey failed to appear as scheduled in Elmore County on his charges of driving without privileges and failure to appear. As a result, the magistrate court ordered the $10,000 bond forfeited on November 15 and sent a notice of this forfeiture to Mr. Bail.

Subsequently, Mr. Bail filed a motion to exonerate the $2,500 bond. The magistrate court held a hearing on that motion on March 26, 2018 (March 26 hearing). During the March 26 hearing, Kevin Elliott, the general manager for Mr. Bail, was present and testified. At that hearing, the court made clear the $10,000 bond forfeiture remained outstanding, but the court granted Mr. Bail's motion to exonerate the $2,500 bond.

Mr. Bail later filed a motion to exonerate the $10,000 bond on May 31. In its motion, Mr. Bail acknowledged the motion was untimely because Mr. Bail filed it more than 180 days after the magistrate court's November 15 order forfeiting the $10,000 bond. *See* I.C. § 19-2917 (requiring motion to set aside bond forfeiture be filed within 180 days after order of forfeiture); I.C.R. 46(h)(1) (same). Mr. Bail, however, alleged the untimely filing was excusable neglect. During the hearing on the motion, Elliott was again present on Mr. Bail's behalf and testified about why Mr. Bail's motion was untimely.

2

According to Elliott's testimony, Mr. Bail uses an Excel spreadsheet to track its bonds; the $10,000 bond did not get entered into the spreadsheet; as a result, Mr. Bail's motion to exonerate the $10,000 bond was untimely; and Mr. Bail had "never had this happen before." Based on Elliott's testimony, Mr. Bail argued its failure to timely file the motion was a "mistake" and a "first time occurrence." Although the magistrate court accepted Mr. Bail's explanation as true, it denied Mr. Bail's motion as untimely.

In support, the magistrate court recounted the history of Rabey's repeated failures to appear, stated that "this information all came up at the March 26th hearing," and further stated:

> At the March 26th hearing the Court at that time with all the parties present made clear that the $10,000 bond was still out there. It had not yet been--and that the time limits for the filing of the 180-day motion had not yet expired and that [Rabey] had not been brought back before the Court for his failure to appear.

Based on these facts, the magistrate court found Mr. Bail's mistake in failing to file the motion to exonerate the $10,000 bond was not excusable neglect. Alternatively, the court considered each of the factors enumerated in I.C.R. 46(h)(1), concluded justice did not require exonerating the bond, and denied Mr. Bail's motion on the merits.

Mr. Bail appealed the magistrate court's denial to the district court, and the district court affirmed that denial. Initially, the district court ruled that Mr. Bail's failure to file a motion for enlargement of time under I.C.R. 45(b)(1) (requiring showing of excusable neglect) to specifically request leave to file a late motion under I.C.R. 46 (allowing for bond's exoneration) precluded the magistrate court from addressing the merits of Mr. Bail's motion and was dispositive of his appeal. Alternatively, the district court ruled that the magistrate court correctly determined Mr. Bail's mistake was not excusable neglect under I.C.R. 45(b)(1)(B) and further that the magistrate court did not abuse its discretion when denying Mr. Bail's motion on the merits under I.C.R. 46(h)(1).

Mr. Bail timely appeals the district court's affirmance of the magistrate court's denial of its motion to exonerate the $10,000 bond.

## II.

## STANDARD OF REVIEW

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate division, we review the magistrate court record to determine whether there is substantial and competent evidence to support the magistrate court's findings of fact and whether

3

the magistrate court's conclusions of law follow from those findings. *State v. Korn*, 148 Idaho 413, 415, 224 P.3d 480, 482 (2009). However, as a matter of appellate procedure, our disposition of the appeal will affirm or reverse the decision of the district court. *State v. Trusdall*, 155 Idaho 965, 968, 318 P.3d 955, 958 (Ct. App. 2014). Thus, we review the magistrate court's findings and conclusions, whether the district court affirmed or reversed the magistrate court and the basis therefor, and either affirm or reverse the district court.

When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## DISCUSSION

Mr. Bail argues the magistrate court abused its discretion by failing to find its "inadvertent clerical error"--which caused Mr. Bail to file an untimely motion to exonerate the $10,000 bond--was excusable neglect. Generally, a bond company must file a motion to set aside an order of forfeiture and to exonerate a bond within 180 days after the trial court's order of forfeiture. Both I.C. § 19-2917 and I.C.R. 46 provide that a court may set aside an order forfeiting a bond and exonerate the bond, in whole or in part, if it appears that justice does not require the forfeiture's enforcement and if the motion is filed within 180 days "after an order of forfeiture." *See* I.C.R. § 19-2917(2) (allowing for bond's exoneration); I.C.R. 46(h)(1) (addressing bond forfeiture and enforcement).[1] Idaho Criminal Rule 45, in turn, provides that the court may extend the time for filing a motion, such as a motion to exonerate a bond, if a party makes a motion "after the time expires" and if "the party failed to act because of excusable neglect." I.C.R. 45(b)(1)(B).

---

[1] Although both I.C. § 19-2917 and I.C.R. 46(h) contemplate a motion to set aside a forfeiture of a bond versus to exonerate a bond, this Court has previously held that a motion to exonerate encompasses a motion to set aside a forfeiture: "[A] motion to exonerate bail . . . inherently encompasses a request that the court go through the appropriate steps of setting aside the forfeiture, followed by exoneration." *State v. Quick Release Bail Bonds*, 144 Idaho 651, 654-55, 167 P.3d 788 (Ct. App. 2007).

Mr. Bail does not dispute that its motion to exonerate the $10,000 bond was untimely under I.C. § 19-2917 and I.C.R. 46. Further, Mr. Bail does not dispute the district court's reliance on *Jonsson v. Oxborrow*, 141 Idaho 635, 638, 115 P.3d 726, 729 (2005), to conclude that "excusable neglect" is conduct "expected of a reasonably prudent person under the same circumstances." Instead, Mr. Bail argues its conduct met this definition because its clerical error was the "first clerical error of this type," was a mistake of fact, was not due to indifference or inattention, and could "only be characterized as conduct that would be expected of a reasonably prudent person under the same circumstances."

As an initial matter, we note that Mr. Bail mischaracterizes the nature of its clerical error on appeal. It argues its "inadvertent clerical error" occurred "when it entered into its database the *incorrect date* to file its motion to exonerate [the $10,000] bond." (Emphasis added.) Elliott, however, testified Mr. Bail did not enter the $10,000 bond into its spreadsheet *at all*:

> Q.     What happened in this case [of the $10,000 bond]?
> A.     Apparently, this particular bond wasn't entered on that spreadsheet. . . . [T]he bond wasn't entered and therefore it wasn't--we didn't properly track it apparently.
>        . . . .
> Q.     [T]he key question then is you didn't file the motion because it wasn't on the spreadsheet; is that right?
> A.     Right. And we lost track of--it just wasn't there to be monitored like it should have been.

Regardless of whether Mr. Bail's clerical error is characterized as incorrectly entering the $10,000 bond on its spreadsheet or as never entering the bond at all, the magistrate court accepted Elliott's testimony as true, characterized Mr. Bail's failure as an "oversight," but concluded the oversight was not excusable neglect.

Mr. Bail challenges this conclusion, arguing the magistrate court abused its discretion by failing to explain "why Mr. Bail's clerical error was not an obvious example of excusable neglect." We disagree. Mr. Bail's argument ignores the magistrate court's finding that, during the March 26 hearing, the magistrate court expressly warned Mr. Bail--including both Mr. Bail's legal counsel and its general manager, Elliott--that the order forfeiting the $10,000 bond remained outstanding:

> At the March 26th hearing the Court at that time with all the parties present made clear that the $10,000 bond was still out there. It had not yet been--and that the time limits for the filing of the 180-day motion had not yet expired and that [Rabey] had not been brought back to the Court for his failure to appear.

In other words--despite Mr. Bail's failure to record the $10,000 bond on its spreadsheet for tracking purposes--the magistrate court reminded Mr. Bail at the March 26 hearing that it needed to take action on the $10,000 bond before the 180-day deadline. For this reason, the court concluded Mr. Bail's failure to timely file the motion was not excusable neglect.

In affirming this conclusion, the district court correctly noted that the magistrate court cited "its March 26th hearing when [the $10,000 bond] came up as a basis for not finding excusable neglect believing [Mr. Bail] had notice and should have relooked at its file." On appeal, Mr. Bail neither disputes that the magistrate court warned Mr. Bail about the outstanding order forfeiting the $10,000 bond during the March 26 hearing nor argues that the magistrate court somehow misrepresented what occurred during the March 26 hearing at the subsequent hearing on Mr. Bail's belated motion to exonerate the $10,000 bond.

Moreover, Mr. Bail fails to include the transcript of the March 26 hearing in the appellate record. As a result, we presume the missing March 26 hearing transcript supports the magistrate court's findings that it had previously reminded Mr. Bail to take action on the $10,000 bond. *See State v. Repici*, 122 Idaho 538, 541, 835 P.2d 1349, 1352 (Ct. App. 1992) (noting appellate court presumes missing portions of record support trial court's actions). Accordingly, we hold the district court did not err by affirming the magistrate court's conclusion that Mr. Bail's clerical error was not excusable neglect based on the magistrate court's finding that it reminded Mr. Bail to take action on the outstanding $10,000 bond before the 180-day deadline under I.C. § 19-2917 and I.C.R. 46(h)(1) had expired.

Because we affirm the district court's ruling that Mr. Bail's late filing was not excusable neglect, we need not address the merits of the magistrate court's alternative ruling denying Mr. Bail's motion to exonerate the $10,000 bond. Regardless, we hold the district court correctly affirmed the magistrate court's decision on the merits. We reject Mr. Bail's argument that the magistrate court improperly relied on certain factors under I.C.R. 46(h)(1) while ignoring others when reaching its alternative ruling that justice did not require exonerating the bond. As Mr. Bail concedes, the magistrate court "discussed each of the factors outlined in I.C.R. 46(h)(1)." Accordingly, the record reveals the magistrate court correctly perceived its discretion, acted within the bounds of that discretion, applied the correct legal standard by analyzing the factors under I.C.R. 46(h)(1), and reached its decision by an exercise of reason.

*See Herrera*, 164 Idaho at 270, 429 P.3d at 158 (setting forth standard for review of trial court's discretionary decision).

## IV.

## CONCLUSION

Substantial and competent evidence supports the magistrate court's finding that the court had reminded Mr. Bail about the outstanding order forfeiting the $10,000 bond at the March 26 hearing and before the 180 days to exonerate that bond under I.C. § 19-2917 and I.C.R. 46(h)(1) had expired.  This finding, in turn, supports the magistrate court's conclusion that Mr. Bail's failure to timely file its motion to exonerate that bond was not excusable neglect.  Accordingly, we affirm the district court's decision on intermediate appeal affirming the magistrate court's denial of Mr. Bail's untimely motion to exonerate the $10,000 bond.

Chief Judge HUSKEY and Judge LORELLO **CONCUR**.